### DANIEL VALENTINE *v.* W. D. HOLLOMAN, EX'R.

Where the plaintiff in a suit upon an account, assigned his interest therein *bona fide* and for value: *Held*, that he thereby became *a trustee* of such claim for the assignee, and that his subsequently becoming bankrupt, during the pendency of the suit, did not affect his rights to recover as trustee.

Suits pending at the time of the adoption of the Code of Civil Procedure are not governed in practice by such Code; therefore any *set off* claimed by a defendant therein must be a legal one, and such as could have been enforced in Courts of law heretofore.

An endorsement of a note to a deceased person, (made with intent to invest such person's personal representative with the legal property therein) is a nullity.

(*Teague* v. *James ante* 91. *Gaither* v. *Gibson Ibid* 98, cited and approved.)

ASSUMPSIT, tried before *Pool, J.*, at Spring Term 1869 of the Superior Court of HERTFORD.

This action was commenced in the Court of Pleas and Quarter Sessions, and carried by appeal to the Superior Court. At Spring Term 1869, the defendant obtained leave to suggest the Bankruptcy of the plaintiff, and to enter it as a Plea since last continuance; to this there was a replication, that the plaintiff held the claim in trust for another.

It was proved that the plaintiff furnished the goods and board declared on to Harriet Anderson, the testatrix of the defendant, at the prices alleged. After the institution of the suit the plaintiff assigned his account and claim to a party, for a full and valuable consideration, and afterward filed a petition in bankruptcy, was adjudged a bankrupt, and obtained a final discharge.

There was exhibited in evidence, by the defendant, as a set-off or counter-claim, a bond executed by the plaintiff to one John Anderson, for an amount exceeding the plaintiff's claim. John Anderson died leaving a will and appointing the plaintiff and one J. A. Vann as his executors, who qualified and delivered the bond to the defendant's testatrix, (who was the widow of Anderson,) as part of her legacy under the will; and she held the bond when the debt to the plaintiff was contracted. Harriet Anderson thereafter died, leaving a will and appointing the defendant her executor, who duly qualified as such. After her death and previous to the bringing of the suit, the executors of Anderson endorsed the bond to the testatrix.

It was insisted for the plaintiff,

1. That the proceedings in bankruptcy were unavailing to arrest the proceedings in the Superior Court or defeat the action.

2. That the claim sued on, after its assignment was held in trust only, and would not pass to the assignee in bankruptcy.

3. That the attempted endorsement of the bond was void, and was not available to the defendant as a set-off or counter claim.

His Honor charged the jury that the effect of the proceedings in bankruptcy was to defeat the action, and, secondly, that under the present state of the law, the defendant's equitable interest in the bond, under the first delivery, could be used as a set-off.

Verdict for the defendant; Rule for a new trial; Rule discharged; Judgment and appeal.

*Smith* for the plaintiff, cited Bankrupt act. secs. 14, 16, 21. *Teague* v. *James*, 63 N. C. R. 91. *Gaither* v. *Gibson, Ib.* 93.

*Yeates* and *Barnes, contra,* 1 Chitty, Plead. 24, 15 East 622. *March* v. *Thomas.* 63 N. C. R. 87, 1 Dev. Eq. 396, 2 Dev. Eq. 358, 6 Jon. Eq. 42., 2 Dev. Eq. 68.

. DICK, J. The plaintiff after the commencement of this suit, for a full and valuable consideration, assigned his claim to a purchaser. This assignment gave an *equity* to the purchaser in the *chose in action* sued upon, and authorized him to continue the suit in the name of the plaintiff. The plaintiff became a trustee of the purchaser, and his subsequent bankruptcy did not affect the rights of the *cestui que trust.* The assignee in bankruptcy has no interest in the suit, and no right to be substituted as plaintiff. The assignment in bankruptcy does not pass trust estates, but only such property as the bankrupt has an equitable as well as a legal title in, and which is applicable to the payment of his debts. Bankrupt Act, sec. 14, Eden on Bank. 244.

As this suit was commenced before the adoption of the Code, the note offered in the defence can not be allowed as a counter claim. *Teague* v. *James, ante* 91, *Gaither* v. *Gibson, Ib.* 93. It can not be allowed as a set-off, as in a Court of law the right of set-off only exists as to mutual debts subsisting between the parties to the action. The endorsement of the note to the testatrix of the defendant was void, as she was dead at the time and could not be a party to the contract of endorsement. The doctrine of equitable set-off, so much insisted on in the defence, is not applicable to suits at law, and

can be administered only in Courts of Equitable jurisdiction. The Code has now made ample provision for the adjustment of the equitable as well as the legal rights of parties to a civil action, but this case was an action commenced and founded on a contract made prior to the ratification of the Code, and does not come within the operation of the new system of procedure. C. C. P. sec. 8, sub. 4.

The judgment of the Court below is reversed, and a *venire. de novo* awarded.

Let this be certified &c.

Per Curiam.                               *Venire de novo.*