### PHILO HERSEY *vs.* CHARLES ELLIOT.

### Waldo.    Decided January 8, 1878.

*Promissory notes.*

If a bankrupt, who is the payee of a negotiable bill or note, sells the same without indorsement before and indorses it after bankruptcy, such indorsement will enable the holder of the note to maintain an action upon it in his own name.

ON REPORT.

ASSUMPSIT, by the indorsee of the following order: "Belfast, November 10, 1875. To Charles Elliot. Please pay to Henry Wyman, one hundred dollars in three months from date, and eighty-five dollars in six months from date, and interest on same. (Signed) J. C. Withee." On the back of the order were the following indorsements: "Accepted when government pays me. Charles Elliot." "Be it known that I, Henry Wyman, within named, for a valuable consideration, do hereby make over and assign to Philo Hersey all my right and interest in the within written order, together with the right of action and recovery in his own name. Henry Wyman. Witness, Israel Cox."

The property in the order passed and the order was delivered to the plaintiff in January, 1876. A petition in bankruptcy was filed against Wyman, March 15, 1876. The assignment was not written on the back of the order until April 18, 1876.

*Philo Hersey, pro se.*

*J. Williamson,* for the defendant.

PETERS, J.   But a single point is presented by the facts of this case.   Can a bankrupt, the payee of a negotiable bill or note, who before bankruptcy sells and delivers the same without indorsing it, indorse the note after bankruptcy, so that the holder may maintain an action thereon in his own name ?   It is well settled, on many authorities, that he can.   *Smith* v. *Pickering*, Peake (N. P. C.) 50.   *Anonymous*, 1 Camp. 492, notes.   *Lempriere* v. *Pasley*, 2 T. R. 485.   *Mowbray, exparte*, 1 Jac. & Wal. 428. *Watkins* v. *Maule*, 2 Jac. & Wal. 237.   *Greening, exparte*, 13 Ves. 206.   *Wallace* v. *Hardacre*, 1 Camp. 46.   *Smoot* v. *Morehouse*, 8 Ala. N. S. 370.   *Valentine* v. *Holloman*, 63 N. C. 475. 3 Par. Con. 470, 494 ; and notes.

The reasons given for the rule appear to be satisfactory and conclusive.   The indorsement in such case is but a mere form. The property in the note passed by the sale.   The bankrupt had no actual interest in it afterwards.   At most, he was to be regarded as merely a trustee of the legal title for the benefit of the vendee. In general, only such right, title and interest as the bankrupt himself has in law and equity in any estate or property, passes by bankruptcy to the assignee.   That the assignee does not take a beneficial interest therein belonging to another person, is well settled in the cases cited and many more.   *Sawtelle* v. *Rollins*, 23 Maine, 196.   *Baker* v. *Vining*, 30 Maine, 121.   *Smith* v. *Chandler*, 3 Gray, 392.   *Nichols* v. *Bellows*, 22 Vt. 581. *Streeter* v. *Sumner*, 31 N. H. 542.   *Mitchell* v. *Winslow*, 2 Story, 630.   *Goss* v. *Coffin*, 66 Maine, 432.   *Vide*, 111 Mass. 532.

The principle, contended for by the plaintiff, has been applied in analogous cases.   It is admitted in proceedings under state insolvent laws.   *Norcross* v. *Pease*, 5 Allen, 331.   3 Par. Con. 495, and notes.   A negotiable note, transferred by the payee before his death by delivery only, may be endorsed by his administrator with the same effect as if done by himself in his lifetime.   *Malbon* v. *Southard*, 36 Maine, 147.   And when a woman assigns by delivery a note payable to her order, and afterwards marries the maker, her indorsement of the note after such marriage transfers the legal title.   *Guptill* · v. *Horne*, 63 Maine, 405.   The case

relied on by the defendant (100 Mass. 18) does not sustain an adverse position to the other cases cited. That case only maintains that, if a note is not indorsed at the time it is sold, a subsequent indorsement will only carry such legal and actual title to the note as the indorser had when he sold the same. If he had indorsed it earlier, the indorsement might have transferred, by the operation of the principle of estoppel applying to negotiable paper, more than such title and right. *Defendant defaulted.*

APPLETON, C. J., DICKERSON, DANFORTH, VIRGIN and LIBBEY, JJ., concurred