## A PLEADING IS NOT VITIATED BY THE NAME GIVEN TO IT.

Superior Court of Cincinnati.

ANNA BRUNET v. THE HOLDEN PAPER BOX COMPANY; AND FRANK P. J. BRUNET, AN INFANT, v. THE HOLDEN PAPER BOX COMPANY.

Decided, September 5, 1914.

*Recoupment—Not Known to the Common Law—But is in Effect a Counter-Claim—Right of, Has Been Extended in Modern Practice— Pleading and the Designation Given to a Claim.*

The Code of Civil Procedure does not provide for that form of pleading known as "recoupment," but instead employs the term "counter-claim," which includes both recoupment and set-off. However, recoupment still exists in fact, and if properly pleaded, will not be struck from an answer merely because it is designated as a "recoupment," and not as a "counter-claim."

*Littleford, James, Ballard & Frost,* for plaintiffs.
*Geoffrey Goldsmith,* contra.

OPPENHEIMER, J.

Opinion on motion to strike recoupment from answers.

It appears from the petitions in these cases that on May 8th, 1913, Frank Brunet, a minor aged 14 years, was employed by defendant company to operate a cutting machine and that while so engaged he was, on the following day, injured through defendant's negligence. Accordingly he asks damages in the sum of $2,000, and his mother Anna Brunet seeks to recover the sum of $1,000 for the loss of his services. In each case defendant files a pleading which is designated as an "Answer and Recoupment." The "answer" contains a categorical denial of plaintiff's several charges of negligence, and asks for a dismissal. Then follows a "recoupment" in which it is alleged that Frank Brunet secured his employment by fraudulently representing that he was 18 years of age, which representation was participated in by his mother; that defendant then carried insurance

which covered any loss which it might suffer by reason of bodily injuries suffered by any employee, but that the policy of insurance did not cover an accident to anyone employed contrary to law.  Defendant further alleges that by reason of plaintiffs' misrepresentation, it was induced to employ Frank Burnet contrary to law, and was thus  deprived of the protection of its policy of insurance in this case.  Accordingly defendant asks that if it shall be found that either plaintiff is entitled to a verdict, it may be permitted to recover, by way of recoupment for the fraud practiced upon it, the sum which might otherwise be awarded against it.  Plaintiffs now file motions to strike out the entire "recoupment" from defendant's pleadings, upon the ground that it is "surplusage and redundant."  In support of this motion plaintiffs urge that no such pleadings as a "recoupment" is recognized by our Code of Civil Procedure, citing Sections 11302-11319 inclusive of the General Code.  This raises the sole question which is now presented for our consideration, viz., whether under our system of pleading recoupment is proper and permissible.  In other words, we are now to concern ourselves, not with the *substance*, but with the *form* of the pleading filed by defendant.

In all probability recoupment was not originally recognized in pleading at common law.  It was in the nature of an innovation, and was designed to enable litigants to settle in one action all claims growing out of the same transaction..  But the remedy was of such limited application and so trammeled by technicalities that it was of but little use, and for a time the term became obsolete though the principle was retained.  In more recent practice, however, the right of recoupment has been considerably extended, though the circumstances under which it may be exercised are not definitely determined.  It may now be defined as "the act of rebating  *  *  *  a part of a claim upon which one is sued by means of a legal or equitable right resulting from a counter-claim arising out of the same transaction.  It is the right of defendant, in the same action, to claim damages from plaintiff, either because he has not complied with some cross obligation of the contract upon which he sues, or because he has

violated some duty which the law imposed upon him in the making or performance of that contract.'' Bouvier's Law Dictionary; 34 Cyc., 623.

When the common law system of pleading was generally abandoned in this country, and codes of procedure were adopted, recoupment was, in some of the states, made statutory. In other states it is no longer specifically mentioned as a form of pleading. But the right which had previously been asserted as a recoupment—the right to recover from plaintiff the loss sustained by reason of his violation of a duty imposed by law with reference to the transaction involved in the suit—still remained, and was permitted under the designation of ''counter-claim.''

Before the adoption of the code, the counter-claim was unknown (*Bloom* v. *Lehman,* 27 Ark., 489; *Valentine* v. *Hallman,* 63 N. C., 475). It may be defined as ''a claim presented by a defendant in opposition to or deduction from the claim of plaintiff'' (34 Cyc., 629). It includes both recoupment and set-off, though broader and more comprehensive than either. It embraces all sorts of claims which a defendant may have against a plaintiff in the nature of a cross-action or demand, or for which a cross or separate action would lie, within the limitations contained in the code. *Wolf* v. *H,* 13 How. Pr. (N. Y.), 84. Counter-claim, then, is a generic term, and recoupment is the species. Every recoupment is in the nature of a counter-claim, though a counter-claim need not necessarily be a technical recoupment. The nature of the counter-claim may be such as to justify a recovery by the defendant from the plaintiff of the excess of his demand, while a recoupment is limited to the amount of plaintiff's demand.

Therefore while it is true that our code does not in terms provide for a pleading known as a recoupment, yet that form of pleading which is designated as a counter-claim includes recoupment. We can therefore see no inherent objection to the employment of the latter term, for even though that term is used, the pleading is in strict legal effect a counter-claim by defendant against plaintiff. In other words, we do not think that a pleading should be vitiated merely because counsel call a spade

a spade rather than an agricultural implement. If anything, the term is more exact, and its use is therefore to be commended as indicating the precise nature of the pleader's contention.

It is to be understood, as we have heretofore indicated, that we are passing upon nothing except the *form* of pleading employed by defendant. While it is true that both counsel have in their briefs gone beyond the necessities of the case and discussed the substance of the so-called recoupment, yet the questions thus presented can not be considered upon a motion to strike. We do not, therefore, desire to be understood as holding finally that defendant has an inherent right to insure against its own negligence, or that the alleged misrepresentation of the plaintiffs concerning the age of the employee deprived them of the right to sue for injuries suffered through negligence. These questions will be passed upon when properly presented.

The motions to strike the recoupment from the answers are overruled.