Henderson, Judge
 

 A set-off to the full amount, of the Plaintiffs’ demand, may be pleaded in bar of the action. If it is less than the demand, it cannot of itself be pleaded in bar; but the Defendant avails himself of it by annexing it .to some plea, which with the sum set off, amounts to a full defence, and giving notice of the set-off, most commonly thus, in the short entries on our dockets,
 
 General issue and votiee, of set,-off,
 
 and if the
 
 *251
 
 particulars of the set-off are required, they must be fm«-nished. And so it is, I apprehend, when it is pleaded in bar. The particulars must be furnished if required ; and should the set-off, when offered in the form of a plea, be found not to amount to the Plaintiff’s demand, the Defendant may use it as a notice of set-off. At least this is a common practice, and I can see no objection to it. The entry in this case is,
 
 Gen. issue
 
 — set-off. This I should have understood as offered in the form of a plea, and had it amounted to the full demand, it could not be objected that it was barred by the statute of limitations; for that which confesses and avoids, cannot be shewn under a general replication, which is nothing but a bare denial. But if the Defendant insists on this being a plea, it is clearly insufficient, for it is not an answer to whole demand. It can be used only as a notice of a set-off, and if good, is applied to extinguish the Plaintiff’s demand to an equal amount. It necessary follows, that it may be repelled by shewing that is barred by the statute of limitations, without any replication to that effect. For in fact, when it comes in as a notice, no answer of record is given to it — that is, it is not noticed in the pleadings farther than before stated. But I think the Judge erred in not submitting it to the Jury as a payment. A payment differs from it only in this — that a payment is, by consent of the parties, either expressed or implied, appropriated to the discharge of a debt $ a set-off is a mutual independent claim, which still continues to exist as such, and one which the parties did not intend should be appropriated to the satisfaction of an existing demand, but that each should have mutual causes of action, and of course mutual actions if they pleased against each other. In tins cause,
 
 Tate
 
 was indebted to
 
 M’Dowell
 
 to the amount of several hundred dollars, and
 
 Tate
 
 furnishes
 
 Greenlee
 
 with articles to the amount of 701. and
 
 Greenlee
 
 signs an account acknowledging their re
 
 *252
 
 ceipt. It is unfair to presume that
 
 Tate
 
 intended any thing else but to pay his debt as far as Ihc amount would go, and that
 
 McDowell
 
 received them with the same intention. It is not probable that
 
 McDowell
 
 intended to come under an obligation to pay
 
 Tate
 
 that sum, whilst
 
 Tate
 
 owed him a large debt, or that
 
 Tate
 
 intended to inforce payment from him, and whatever might be
 
 Tate’s
 
 original intention, if
 
 McDowell
 
 received them to be applied as a payment or credit to the bond, and this was known to
 
 Tate
 
 and assented to by him, it becomes a payment, that is, it is appropriated. And the conduct of
 
 Tate
 
 is a strong exposition of his understanding ot it; for he has kept it for upwards of twenty years, withoutattempting to inforce payment; and although the statute in relation to set-olfs has not changed the uaturc of mutual debts, and converted that to a payment, which in its nature is not— yet, in the interpretation of the acts of the parties, to get at the intention which gives character to the act, it has had a great effect, as in the present case. It is not presumed that
 
 Tate
 
 intended this as a set-off, or an independent demand ; for if he attempted to inforce it,
 
 McDowell
 
 would set off his large detnand against it, and make him pay costs — and if lie did not, but waited to set it off until
 
 McDowell
 
 should bring suit,
 
 McDowell
 
 could entirely defeat it, by virtue of the statute of limitations.
 

 I do not pretend that the statute lias changed the nature of the thing — but only that when its character depends on intent, it has waived the presumption of that intent, and thereby given to it a different character.
 

 Per Curiam. — Judgment reversed and a new' trial granted.