# Wheeling.

## John S. Arnold *vs.* Benjamin F. Kelley.

### July Term, 1872.

1. The Legislature has no power to set aside a judgment, or to empower a court to do so, rendered before the passage of the act, no matter how erroneous the judgment may be.

2. * The act of March 1st, 1871, does not operate to furnish immunity for acts done or committed by persons engaged on either side of the late rebellion, when judgment for such acts has been obtained prior to its passage.

Injunction granted June 25th, 1871, in Mineral county circuit court.

The bill alleges that a judgment had been obtained by the defendant Kelly, against the complainant, for the conversion of the property of the defendant Kelly, during the late rebellion, and that the complainant was at the time of the conversion, a regular soldier of the Confederate states' government.

That in pursuance of the judgment, a writ of *fieri facias* had been levied on the goods and chattels of the complainant, and they were advertised for sale. The complainant alleged that such levy and sale would be contrary to the provisions of an act passed by the Legislature on the 1st day of March, 1871. This act purported to provide against the collection of any

*An Act to protect persons who aided in the late war between the government of the United States and a part of the people thereof.

Passed March 1, 1871.

*Be it enacted by the Legislature of West Virginia:*
    That no person who aided in the late war between the government of the United States and a part of the people thereof, on either side, shall be civilly or criminally held liable, found guilty, convicted, have his property taken, sold or damaged, imprisoned or hurt, because of any act done according to the usage of civilized warfare, in the prosecution of said war by either of said belligerents, unless the constitution shall, or further than it shall, require such action, as to which no opinion is intended to be here indicated.

debt, or judgments theretofore acquired, against any person who had done or committed any acts, upon either side in the late rebellion, in accordance with the rules of civilized warfare. The judgment obtained by defendant Kelly, had been affirmed by this court prior to the passage of the act, to-wit: on the 27th of February, 1871. The object of the bill was to enjoin the levy and sale under the judgment, by reason of the act of the Legislature, which was passed after the judgment was obtained in the circuit court, and had been affirmed on a writ of error in this court.

The court below dissolved the injunction and dismissed the bill on the 28th of August 1871.

The complainant appealed.

*Robt. White and C. Boggess* for the appellant.
*C. W. B. Allison* for the appellee.

MAXWELL J. This is a bill filed under the act of March 1, 1871, entitled "An Act to protect persons who aided in the late rebellion between the government of the United States and a part of the people thereof," to enjoin and set aside a judgment rendered before the passage of the act.

The Legislature has no power to set aside a judgment, or to empower a court to set aside a judgment rendered before the passage of the act, no matter how erroneous the judgment may be. Cooley's Cons. Lim. p. 94-95. *Griffin* vs. *Cunningham* 20 Gratt., 31; *United States* vs. *Klein*, 13 Wallace.

The judgment complained of will have to be affirmed, with damages and costs.

Judge Berkshire concurred.

Judge Moore reserved the right to add a note if he dissented.

DECREE AFFIRMED.