W. A. LEMLY, Adm'r., v. COMMISSIONERS OF FORSYTH.

*Taxation—Shares in National Banks.*

1. It is not only competent but the duty of county commissioners to re-
scind an order improvidently granted to release one from the assess-
ment of a legal tax upon property.

2. Remarks of SMITH, C. J., upon the right of the state to tax shares of
stock in national banks, where there is no discrimination against such
shares and in favor of other *moneyed* capital in the hands of individual
citizens of the state.

(*London* v. *Wilmington*, 78 N. C., 109, cited and approved.)

APPLICATION for relief against assessment of taxes heard,
on appeal, at Fall Term, 1881, of FORSYTH Superior Court,
before *Seymour, J.*

The plaintiff's intestate, having given in for taxation
1316 shares held by him in The First National Bank of
Salem, applied to the board of commissioners of Forsyth
to be relieved from any assessments thereon, representing
in a written communication that he listed the same, "not
knowing at that time that the corporation would list" and
that "the corporation or bank has since listed its effects and
paid the tax thereon."

The commissioners acting upon this statement, on Au-
gust 4, 1873, ordered that I. G. Lash be released from the
payment of state and county taxes, for the year 1873, on
1316 shares of stock in The First National Bank of Salem,
at $131,600, said I. G. Lash not knowing at the time of list-
ing taxes that the corporation would list the property be-
longing to the bank. At an adjourned meeting held on Au-
gust 15th, after due notice to the intestate, who appeared by
counsel, the following order, preceded by certain recitals,
was passed:

"It is therefore ordered by the court that the recent order

of this court, releasing the said I. G. Lash from tax on the said 1316 shares of stock be rescinded and the application made by the said I. G. Lash to be released from said tax is hereby dismissed."

From this decision of the board the intestate appealed to the superior court, where the cause remained for several terms (during which interval the intestate died, and the plaintiffs, his administrators, became parties in his stead) until spring term, 1876, when "the matters in controversy were referred to J. M. McCorkle."

The referee made his report at fall term, 1877, in which upon the accompanying evidence, his findings material to the solution of the questions presented in the appeal, are as follows:

Much of the real estate in Winston and some in Salem, (but none outside the corporate limits of these towns), is not assessed at its true value, and in some instances greatly below that value, and there is levied on the shares of stock in this national bank no greater rate of taxation "than upon other moneyed capital in the hands of individual citizens of the state." The referee holds that the unfair valuation put upon the town lots by the action of the appraisers and without warrant of law, is not an invasion of the act of congress allowing the states to tax shares in national banks formed thereunder, provided there is no adverse discrimination in favor of other moneyed capital; nor does this disregard of official duty nor the special exemptions contained in the charters of state banks, which have since ceased to exist for corporate purposes, impair or affect the validity of the tax upon the intestate's stock, or the liability of his estate therefor. The referee further finds that the commissioners possessed full power, and it was rightfully exercised, in annulling the order of exoneration adopted under false impressions produced by the intestate's own statements, that the property had been listed and the taxes thereon paid by the bank.

The plaintiffs filed exceptions to the report, which being overruled and the report confirmed, they appeal to this court.

*Mr. J. M. Clement,* for plaintiffs.
*Messrs. Watson & Glenn,* for defendants.

SMITH, C. J. In strictness the only point presented is the legal capacity of the commissioners to reverse and annul their own former erroneous action, not in reforming the tax list, but in the attempted exoneration of the intestate from a part of the taxes for which he is liable thereon, and thus to put out of the way an impediment and hindrance to their collection. It certainly requires neither reference nor argument to sustain so self-evident a proposition as the right (and we may add duty) of the board when the error is discovered, and more especially when committed by the intestate's own representation, to correct it and avert its consequences, and as little objection lies to the fair and deliberate manner in which the board retraces its steps. If the recinding order is itself regular and proper, and we concur with the referee and his Honor in so holding, the issues into which the cause expanded on reaching the superior court, and which are considered and disposed of by the referee, are outside of, and foreign to the matter in controversy apparent upon the record. If the action of the board in withdrawing the attempted exoneration is upheld, the effect is simply to take away that defence, leaving to the plaintiffs full liberty to contest the legality of the tax, as before, when in process of enforcement by the collector. But as the parties choose to bring up and submit to adjudication the merits of the defence to the levying of the tax, we proceed to consider the case in this aspect.

The findings of the referee, affirmed by the court, are conclusive of the facts, and the clear and comprehensive pre-

sentation of the case and the points of law involved by the report relieve us of the necessity of any extended discussion in the premises.

We fully assent to the proposition, that the deviation from duty of the appraisers, in reducing the value of the town lots is not an infringement of the proviso in the act of congress (U. S. Rev. St., § 5219), which prohibits legislative discrimination against shares in national banks, and favoring any other kind of moneyed capital, and still less so when the alleged discrimination extends only to real estate, which cannot in any sense be considered as " *moneyed capital*" within the meaning and purpose of the statute.. The law is settled by several adjudicated cases. *Cummings* v. *National Bank*, 101 U. S. 153; *Pelton* v. *National Bank*, *Ib.*, 143, and especially *National Bank* v. *Kimball*, 103 U. S., 732, where the previous decisions are reviewed. See Cooley Tax., 394. Nor do the exemptions, the result of special contract in the charter of the dissolved state banking corporations, interfere with the exercise of the taxing power by the states when the levies are equal and uniform, as far as they can be made so, and this is required in the state constitution as to all forms of property, while the act of congress only demands equality and uniformity in the taxes levied upon *moneyed capital.*

" But the fact," we cite from the work of Judge COOLEY, " that two banks by their charter, are specially taxed, will not preclude the taxation of the shares in the national banks by general law; neither are the shares to be excluded from taxation, because some other classes of moneyed capital are exempt from taxation by law of limited application." *Lionberger* v. *Rouse*, 9 Wall., 468; *Tappan* v. *Merch. Nat. Bank*, 19 Wall., 490; *Provident Ins. Co.* v. *Boston*, 101 Mass., 595.

The purpose of the present proceeding is not to secure a reduction of the valuation put upon the stock to that put upon other personal property, but to obtain a release from

the payment of any tax whatever, and as the referee decides, an injunction even to restrain the collection of an illegal excess of tax will not be granted unless the party pay or tender so much as is justly due. This is held in *Nat. Bank* v. *Kimball, supra,* and by this court in *London* v. *Wilmington,* 78 N. C., 109.

While to adjust the subject matter in controversy arising out of the report, and the action of the court upon the plaintiff's exceptions, we have given our opinion upon all questions deemed material, we repeat the only one directly adjudicated is the legality of the rescinding order.

There is no error, and the judgment must be affirmed.

No error. Affirmed.