HURST, MILLER & CO. v. EVERETT & EVERETT.

*Counter-claim—Set-off—Recoupment—Jurisdiction.*

1. A counter-claim includes any defence (except a demurrer) which does not amount to a plea in bar. THE CODE, § 244.

2. But, strictly, a counter-claim is a cross-action against the plaintiff in which the defendant may have affimative relief; but it must, like a complaint, state the cause of action and demand the relief to which the defendant alleges he is entitled; and it therefore falls under the limitation to the jurisdiction of a justice of the peace.

3. And if no relief be prayed, it is not a cross-action, but may be either a set-off or recoupment: —

A set-off, when the defence is a distinct and independent cause of action arising in contract, and out of a transaction extrinsic to the plaintiff's cause of action;

A recoupment, when the defence is matter growing out of or connected with the subject of the action, that is, a defendant sued for a debt or damages may diminish the damages suffered by himself on account of the plaintiff's breach of the *same contract*.

4. Therefore, where plaintiff sues for goods sold and delivered or upon notes given therefor, the defendant may set up a counter-claim for damages sustained by the plaintiff's failure to deliver goods of the quality contracted for, and recoup the damages he has suffered to the amount claimed in plaintiff's complaint; and when several actions are brought in a justice's court upon notes, as here, he has the right to set up such defence in each, until the amount of his damages is exhausted; and on appeal to the superior court where the actions were consolidated' he has the right to recoup the whole amount of such damages.

(*Boyett* v. *Vaughan*, 85 N. C., 363; *Meneely* v. *Craven*, 86 N. C., 364; *Garrett* v. *Love*, 89 N. C., 205; *Derr* v. *Stubbs*, 83 N. C., 539; *McClenahan* v. *Cotten*, *Ib.*, 332: *Lutz* v. *Thompson*, 87 N. C., 334, cited and approved.)

CIVIL ACTION, tried at Spring Term, 1884, of SWAIN Superior Court, before *Graves, J.*

The action originally consisted of five distinct actions, tried before a justice of the peace and carried by appeal to the superior court.

The facts are that the plaintiffs sold the defendants, by sample, $800 worth of boots and shoes, and guaranteed they should be of like quality with the samples. Before the goods were shipped, the several notes, offered in evidence,

were mailed to the defendants and signed by them and returned to the plaintiffs.

The five actions brought before the justice of the peace were for these goods, sold and delivered, and each action was to recover an amount corresponding with the amounts of the several notes. The corresponding notes were offered in evidence in support of the plaintiffs' complaint in each case. The execution of the notes was not denied.

The defendants answered in each case, claiming a "set-off and counter-claim" for damages sustained by them by reason of the failure of the plaintiffs to supply goods of the quality contracted for. The justice gave judgment for the plaintiffs in each case, and the defendants appealed to the superior court, where, on motion of the defendants' counsel, the several actions were consolidated.

On the trial in the superior court, the plaintiffs offered in evidence the notes of the defendants, and, the notes not being denied by them, the plaintiffs rested their case.

The defendants objected that though judgments had been rendered on the notes by the justice of the peace, they had not been "dashed." The court said, while it was proper to write the word "judgment" across the face of the notes on which judgments were given, yet the failure of the justice to do so did not render the notes incompetent evidence.

The defendants then offered evidence that since these judgments were rendered, the notes had been withdrawn from the justice's court, and a suit brought on them in the federal court at Asheville, which was then pending on a plea of abatement; but His Honor held that, notwithstanding such suit, the state court having acquired jurisdiction was not ousted of it, and no judgment having been pleaded, and no plea of *lis pendens* having been made, the court here must proceed with the case.

The defendants offered to show that the goods shipped to them by the plaintiffs were not of the quality repre-

sented by the samples, but were in fact inferior, and not worth as much by fifty per cent.; and they insisted that by reason of the false warranty they had sustained damages for a large amount—at least four hundred dollars.

The court being of opinion that, as the contract of purchase was one transaction, the damages arising out of it were not divisible, and that the justice of the peace had no jurisdiction, for that, according to the defendants' own showing, it was for more than two hundred dollars; and no part thereof being remitted and the justice not having jurisdiction of the counter-claim, the superior court on appeal had no jurisdiction, although the several actions had been consolidated, and, although the defendants insisted, (the actions having been consolidated,) they had the right to set off damages to the amount of $800.

His Honor therefore ruled that no counter claim had been pleaded of which the court had jurisdiction; and, being further of the opinion that defendants having given the said notes for sums within a justice's jurisdiction, and there being no suggestion that the same was done in fraud of jurisdiction, His Honor directed a verdict to be entered for the plaintiffs, and the defendants appealed.

No counsel for plaintiffs.
*Messrs. Battle & Mordecai,* for defendants.

ASHE, J. The defendants pleaded before the justice a " set-off and counter claim," and to sustain their defence offered to show that the boots and shoes, for which the notes were given, were not of the quality recommended by the plaintiffs; and on the trial in the superior court they offered evidence to the effect that the " boots and shoes " were not of the quality represented by the samples, and by reason of the false warranty they had sustained damages to the amount of four hundred dollars. But His Honor

charged the jury that the defence set up could not avail the defendants, for the reason that no counter-claim had been proved of which the court had jurisdiction; and as the contract of purchase was not divisible and the claim for damages set up was for more than two hundred dollars, the justice of the peace had no jurisdiction.

If the defence set up by the defendants was a counter-claim in the strict sense of that term, His Honor's ruling was correct, that is, if the defendants had pleaded the counter-claim as a cross-action against the plaintiffs. But that, they have not done.

In those cases where it has been held that a justice of the peace had no jurisdiction of a counter-claim for a demand over two hundred dollars, the counter-claim was set up as a cross-action, and judgment was demanded against the plaintiffs. *Boyett* v. *Vaughan*, 85 N. C., 363; *Meneely* v. *Craven*, 86 N. C., 364.

A counter-claim as defined in THE CODE, § 244, is:

1. A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action.

2. In an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action.

A counter-claim includes every defence to the action, except a demurrer, which does not amount to a plea in bar. It therefore includes recoupment and set-off, and yet neither of these is a counter-claim in the strict sense of the term. In that sense, a counter-claim is a cross-action against the plaintiff, and in stating the cause of action it is governed and judged by the same rules which apply to the complaint: the facts alleged must be sufficient to constitute the cause of action, and the relief to which the defendant is en-

titled should be properly demanded. Pomeroy on Rem. and Rem. Rights; *Garrett* v. *Love*, 89 N. C., 205.

Where the counter-claim does not pray for relief against the plaintiff, it is not a cross-action, but may be either a set-off or recoupment. A set-off is very clearly included in the second sub-division of section 244, and it is recognized as a plea that is warranted by The Code in *Derr* v. *Stubbs*, 83 N. C., 539 and *McClenahan* v. *Cotten*, *Ib.*, 332. In the latter case, the court held that a *cross-demand* may be pleaded in bar, as formerly, if it be equal to or greater than the plaintiff's demand; or the defendant may plead it as a *defence*, so called, under The Code, the defence having no other operation than to defeat the action, and not admitting of a judgment; or he may, if he will, instead of pleading it as a bar merely, set up his demand under the name and with the proper prayer of a counter-claim, in which case he may have judgment for the excess.

Set-off, recoupment and counter-claim are here recognized as the only modes by which a defendant may use his cross-demand in an action brought by the plaintiff against him.

We have defined counter-claim proper. A set-off, as originally provided by statute, was the right of a defendant when sued for a debt to counter-balance it, in whole or in part, by setting up as a defence a demand of his own against the plaintiff. Under the old system, it was required to be a certain demand, or one that might be reduced to a certainty; but it is enlarged by The Code, and now, under the second sub-division of section 244, embraces the setting up of any cause of action arising in contract. Bliss on Code Pleading, § 378. But a set-off always arises out of a transaction extrinsic to the plaintiff's cause of action. Waterman on Set-off, 40.

A recoupment is a defence by which a defendant, when sued for a debt or damages, might recoup the damages suf-

fered by himself from any breach by the plaintiff of the *same contract.* Pomeroy, *supra*, § 731. And in *Lutz* v. *Thompson,* 87 N. C., 334, it is held that where a justice has jurisdiction of the principal matter of an action, he also has jurisdiction of incidental questions necessary to its determination, and hence may even admit an equity to be set up as a defence.

There are many resemblances and dissimilarities between these several defences. In a counter-claim to an action upon a contract, where a judgment is prayed against the defendant, he may recover the excess, if any. If no judgment or relief is prayed, it is a set-off, if it is a claim distinct from and independent of the action. But if it is a matter growing out of or connected with the subject of the action, then it is recoupment.

In our case the defendants pleaded " set-off and counter-claim," but they demanded no relief against the plaintiffs, and the defense set up arose out of the contract set forth in the complaint, and their defence therefore fell under the head of recoupment. That being so, there can be no reason why the defendants may not recoup the damages sustained by reason of the breach of contract by the plaintiffs, irrespective of the amount. It is not a counter-claim where relief is demanded, which, being a cross-action, is therefore held to fall under the limitation to the jurisdiction of a justice of the peace.

This view of the case, founded upon the statutes, the authorities, and the " reason of the thing," leads us to the conclusion, that when the defendants were sued, no matter whether for goods sold and delivered or upon one of the notes given in payment therefor, they had the right to recoup the damages they had sustained to the amount of the sum claimed in the plaintiff's complaint, and so on in each action, " *toties quoties*," until the amount of their damages should be exhausted. And this defence, having attached to the action while in the justice's court, followed the cases on

appeal; and when the several actions were consolidated in the superior court, the defendants had the right to recoup the whole amount of such damages, as they might be able to prove they had sustained, from the plaintiffs' recovery.

There is error.   Let this be certified to the court below that a *venire de novo* may be awarded.

Error.                             *Venire de novo.*