GENERAL ELECTRIC COMPANY v. R. P. WILLIAMS.

(Decided October 18, 1898.)

## Counterclaim.

1. Counterclaim is the creature of *The Code* and is an extension of the set off, enlarging the class of claims that may be pleaded and enabling the defendant to obtain judgment for the excess.

2. To be capable of affirmative relief, it must be one on which judgment might be had in the action, and must therefore come within the jurisdiction of the Court. It cannot exceed $200 in a Justice's court.

3 Where several counterclaims are pleaded in the same action, their aggregate sum will be taken as the jurisdictional amount.

APPEAL from Justice's court, heard before *Bryan, J.*, at Fall Term, 1897, of the Superior Court of CRAVEN County.

The plaintiff sued for the sum of $171.85 for goods sold and delivered.

The defendant denied the allegations of the complaint and set up "a further defence and counterclaim" that he had paid $33 on plaintiff's account and that he had shipped to the plaintiff to be repaired and returned, instruments worth $165.16, which plaintiff had never returned. Of these two sums, amounting to $198.16 the defendant remitted all in excess of the plaintiff's claim and pleaded the remainder ($171.85) as a set off. He sets up as a second counter claim, that he had shipped to plaintiff four additional transformers, worth $180, which had never been returned, and that the damages caused by the detention amounted to $80 in addition to their value, making $260. Of this sum he remits all in excess of $200 and prays judgment for that amount and costs.

The plaintiff demurred, insisting among other things, that the answer did not show that the counterclaims existed at the time of the bringing of the action; that they did not arise out of the same cause of action; and that their total amount was in excess of the jurisdiction of the Justice of the Peace.

The demurrer was overruled, and plaintiff appealed.

*Mr. C. R. Thomas*, for plaintiff (appellant).

*Mr. W. W. Clark* and *O. H. Guion*, for defendant.

DOUGLAS, J.: This case is before us on demurrer to a counter-claim. The action was originally brought before a Justice of the Peace and subsequently heard on appeal in the Superior Court. The plaintiff sued for the sum of $171.85 for goods sold and delivered. The defendant denied all the allegations of the complaint, and set up as "a further defence and counter-claim," that he had paid $33 of the account and had shipped to the plaintiff, to be repaired and returned, two arc lamps and one transformer worth the sum of $165.16, which the plaintiff had never returned. Of these two sums, amounting to $198.16, the defendant remitted all in excess of the plaintiff's claim and pleaded the remainder, $171.85, as a set-off. From this it would appear that the defendant, in denying the allegations in the complaint, intended simply to deny the indebtedness, as he does not seek to recover this amount. He does, however, go on further and set up as a second counter-claim that he had shipped to the plaintiff four additional transformers, worth $180, which had never been returned, and that the damages caused by their detention amounted to $80 in addition to their value. Of this sum of $260 he remits all in excess of $200 and prays judgment for that amount, with the costs of the action.

The plaintiff demurred, insisting, among other things, that the answer did not show that the counter-claims existed at the time of the bringing of the action, that they did not arise out of the same cause of action, and that their total amount was in excess of the jurisdiction of the Justice of the Peace. The demurrer was overruled and the plaintiff appealed.

We think that the subject matter of the counter-claims is sufficiently connected with the subject of the action to be maintained under Section 244 of *The Code*, as the transactions apparently all arise in the same general course of dealing. But we also think that the demurrer should have been sustained, inasmuch as the total amount of the unremitted counter-claims was in excess of $200, and therefore beyond the jurisdiction of the Justice of the Peace. In this computation we have entirely eliminated the alleged payment of $33, which is in no sense a counter-claim. The plea of payment is essentially different from set-off or counter-claim in its nature, its origin and its result. A payment *pro tanto* extinguishes the debt *eo instanti* and is itself thereby extinguished, so that neither remains any longer the subject of an action. On the contrary, a counter-claim which now includes a set off, is the assertion by the defendant of an independent demand which might be maintained in an independent action. Payment was a good defence at common law. and from time immemorial was regarded as a valid plea in bar. Set-off, except in some few instances of equitable jurisdiction, rests purely upon statute and was unknown to the Common Law, which could not conceive of the defendant ever being an actor. It originated in the Bankrupt Act of IV & V Anne, Chapter 17, suggested perhaps by the *compensatio* of the Civil Law, but was given general

application by the statutes of 2 George, II Chapter. 22,
and 8 George, II Chapter, 24, which enact, "That,
where there are mutual debts between the plaintiff and
defendant, one debt may be set against the other, and
either pleaded in bar or given in evidence upon the gen-
eral issue at the trial, which shall operate as payment,
and extinguish so much of the plaintiff's demand." 3
Bl., 304. Payment extinguished the debt at the time
of payment, while a set off required mutual existing
debts, and *operated as payment* only when pleaded and
by judgment of the Court. The difference is thus
stated by Judge Henderson in *McDowell* v. *Tate*, 12 N.
C., 249, 251: "A payment is by consent of the parties
either expressed or implied, appropriated to the dis-
charge of a debt; a set off is a mutual independent
claim, which still continues to exist as such, and one
which the parties did not intend should be appropriated
to the satisfaction of an existing demand, but that each
should have mutual causes of action, and of course mu-
tual actions if they please against each other." This
distinction is of vital importance in the determination
of the case at bar, as well as the proper understanding
of the decisions of this Court.

The counter-claim is the creature of *The Code* and is
an extension of the set off, enlarging the class of claims
that may be pleaded, and enabling the defendant to ob-
tain judgment for the excess. *The Code*, Section 244,
provides that: "The counter-claim mentioned in the pre-
ceding section must be one existing in favor of a defend-
ant and against a plaintiff, between whom a several
judgment might be had in the action, and arising out
of one of the following causes of action; (1) A cause of
action arising out of the contract or transaction set forth
in the complaint as the foundation of the plaintiff's

claim, or connected with the subject of the action. (2) In an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action."

It is said in *Hurst* v. *Everett*, 91 N. C., 399, 403, that a counter-claim includes both set off and recoupment, and in fact every defence to the action, except a demurrer, which does not amount to a plea in bar. It is true, that recoupment and set off are now both counter-claims, and yet they are essentially different from each other. We have seen that the set off was of statutory origin and applied only to mutual independent claims, the defendant's claim necessarily arising out of a transaction extrinsic to the plaintiff's cause of action. On the contrary, recoupment always arises out of the same cause of action or matters directly connected therewith, and was recognized at common law. In fact it was a defence going to lessen or defeat the plaintiff's recovery by showing damages sustained by the defendant from a breach by the plaintiff himself of the very contract upon which his action was based, or fraudulent misrepresentations by which the defendant was induced to enter therein. As it was a pure defence, there could be no excess recovered by the defendant. It is now included in the first class of counter-claims allowed by *The Code*, and yet, as held in *Hurst* v. *Everett*, *supra*, it is still available in some cases as a pure defence.

A true counter-claim, such as that at bar, to be capable of affirmative relief, must be one on which judgment might be had in the action, and must therefore come within the jurisdiction of the court wherein it is pleaded. Therefore, it cannot exceed $200 in a Justice's court; and where several counter-claims are pleaded in the same action, their aggregate sum will be taken as

the jurisdictional amount. These principles are laid down in the leading text books and sustained by a long line of authorities which it is impracticable to cite.

It simply remains for us to ascertain whether the counter-claims in the case at bar exceed in the aggregate the sum of $200, taking the allegations of the answer as true for the purposes of the demurrer.

The plaintiff demanded the sum of $171.85. Deducting the alleged payment of $33 there remained only $138.85, which was set off by the defendant's first counter-claim remitted to that amount. The defendant's second counter-claim was for $260, remitted to $200, for which he demanded judgment. But as he had already set off $138.85 it was necessary to remit his second counter-claim to $61.15 to bring it within the jurisdiction. This he did not do, and we cannot do it for him. The demurrer should therefore have been sustained.

Our decision here is not in conflict with that in *Heyser* v. *Gunter*, 118 N. C., 964, as the facts are essentially different. In that case it is distinctly stated on page 965 that "the plaintiff sued for the $200 advanced and defendant pleaded *payment* and also a counter-claim for $200, waiving and releasing all in excess of $200." There was only one counter-claim, as the plea of payment was in no sense a counter-claim It is true the plaintiff claimed a recoupment of $125 for additional expense in excess of the contract price in moving the timber, but as he owed the defendant a greater amount, his payment of the $125 that should have been paid by the defendant, was equivalent to a payment to the defendant, lessening his claim to that amount. This was admitted by the defendant, who remitted the additional sum of $114.46 for jurisdictional purposes. The statement of account in the opinion of the court might ap-

pear as setting off independent claims, but such was not the intention. It is simply the method usually employed by business men to arrive at the balance due. If a man were to deposit $5,000 in bank and draw divers checks thereon amounting to $4,900, at the end of the month he would receive a statement from the bank showing the deposit of $5,000 on one side and the amounts of the various checks on the other, resulting in a balance of $100 due the depositor. If suit were brought for the balance before a Justice of the Peace, it could not be contended that the deposit.and the different checks constituted mutual causes of action upon which independent actions might be brought.

In the case at bar the demurrer must be sustained, and the judgment is therefore reversed.

Reversed.