PIEDMONT BANK OF MORGANTON et al. v. J. W. WILSON and
the MORGANTON MANUFACTURING & TRADING CO.

(Decided May 2, 1899).

*Note at Bank—Payment—Executory Agreement—Nudum
Pactum.*

1. The execution of a note being admitted, matter in evidence must be
   proved by the maker, if payment is relied on as a defense, there
   must be evidence tending to prove an actual payment

2. An executory verbal agreement made with the Cashier, without
   consideration to take in payment of a note due the Bank an
   interest for the same amount in a note upon a third party, which
   was never assigned to the Bank, and which is now in suit for
   the full amount by the holder—is not equivalent to payment, but
   is *nudum pactum*—beyond the scope of a Cashier's authority,
   and an arrangement not to be encouraged by the Courts.

CIVIL ACTION for $400 due by note under seal, executed
by defendant, Wilson, payable to the co-defendant, the Mor-
ganton Manufacturing & Trading Co., and discounted by
plaintiff Bank, tried before *Coble, J.,* at Fall Term, 1898, of
the Superior Court of BURKE County.

PLAINTIFF'S APPEAL.

The answer of Wilson set up matter in avoidance, equiv-
alent to plea of payment of the whole debt. Upon the evi·
dence submitted and the charge of the Court the jury found
the issue relating thereto in favor of the defendant, and
judgment was rendered against the plaintiff, who appealed.

The pleadings, issue, evidence, charge of his Honor, and
exceptions by plaintiff, are fully set forth in the opinion.

*Messrs. Avery & Erwin,* for plaintiff (appellant).
*Mr. S. J. Erwin,* for appellee.

124—36

BANK *v.* WILSON, *et al.*

DEFENDANT'S APPEAL IN SAME CASE.

*Counter-Claim—The Code, Section 244 (2).*

1. The counterclaim as it now exists is the creature of The Code, and must conform to its provisions. *Electric Co.* v. *Williams*, 123 N. C., 51.

2. Section 244 (2) allows as a counter-claim in an action arising on contract any other cause of action arising also on contract and *existing at the commencement* of the action.

THIS ACTION was commenced in June, 1895. During its pendency, the defendant company deposited with the plaintiff Bank, the sum of $100.36. The Bank failed and passed into the hands of a receiver, L. A. Bristol, who has been joined as plaintiff.

The defendant company filed a separate answer, and sought to set up its deposit of $100.36 as a counter-claim to plaintiff demand. The plaintiff demurred *ore tenus*—and the demurrer was sustained, and the counter-claim disallowed. Defendant excepted—and after the plaintiff took an appeal—it also appealed from the judgment overruling its demurrer. DOUGLAS, J., files opinion in both appeals.

*Messrs. Avery & Erwin,* for appellant.
*Mr. S. J. Erwin,* for appellee.

DOUGLAS, J. This is an action upon a promissory note executed by the defendant, Wilson, to his co-defendants, The Manufacturing Company, and by it endorsed to the plaintiff. A payment on the note reduced the principal to $400, which is now due, with interest thereon.

The defendants in their answer contend: "That at the time the said note was executed, and when it was due, the

plaintiff held a note on Isaac T. Avery and W. C. Erwin for the sum of $1,500 to be due January 1, 1895, which he had assigned to Davis & Wiley Bank; that he had made an arrangement with said bank to allow him $400 of this note to be used by him in payment of the note sued on in this cause; that accordingly, on the 29th day of December, 1894, he paid to the plaintiff, through its Cashier, S. T. Pearson, the $21.74 as above stated, the plaintiff then agreeing that they would take the $400 out of the said note of $1,500 due January 1, 1895; that in accordance with this agreement the Davis & Wiley Bank, January 1st, sent said note to the plaintiff, and they declined to receive it and allow defendant credit therefor; that this defendant understood and has been informd by the said Isaac T. Avery that although the said note for $1,500 was signed by him and W. C. Erwin, the plaintiff bank was the real party who would have it to pay, and that in making the agreement to accept the said $400 in payment of his note the plaintiff was only paying an indebtedness due from it.

That the said Davis & Wiley Bank is still willing the said arrangement shall be made, and the defendant now pleads said agreement and the said indebtedness as a counter-claim in payment in full of said note.

The plaintiff, in reply, denied the material allegations of the answer, set up the pendency of a suit by The Davis & Wiley Bank, and pleaded the Statute of Frauds. The following issue was submitted: Did the plaintiff bank agree with the defendant, J. W. Wilson, to take in payment of the balance of the note sued on, an interest of $400 in a $1,500 note given said Wilson by I. T. Avery and W. C. Erwin and assigned by said Wilson to the Davis & Wiley Bank, and did said Davis & Wiley Bank agree that said plaintiff bank should have the said $400 interest in the $1,500 note, and was such

$400 interest in the $1,500 ever assigned to the plaintiff bank?" This was answered in the affirmative.

The execution of the note sued on by plaintiffs was admitted, as was also its endorsement by the Morganton Manufacturing & Trading Company. The defendant, J. W. Wilson, introduced as a witness in his own behalf, subject to the objection of the plaintiffs, testified as follows: "After execution of the note to the Morganton Manufacturing & Trading Company, on August 24, 1894, witness had a conversation with either S. T. Pearson or G. P. Erwin; thinks it was with Mr. Pearson, (Mr. Pearson was Cashier and Mr. Erwin was President of the Piedmont Bank). The bank had a note on witness of $421.74, on which the Morganton Manufacturing & Trading Company was surety. Witness was one of the stockholders of said company. Witness had at same time a note on I. T. Avery and W. C. Erwin for $1,500.00, (note shown witness, which he says is the note, and note put in evidence), which witness had given to Davis & Wiley (bankers) in payment of a security debt which witness had down there, with the understanding with Davis & Wiley that $400.00 of that note could be used by witness in paying off the debt of $421.74 the witness was due the Piedmont Bank. Witness went into bank and told them of the arrangement, and paid them the $21.74, leaving the $400.00 unpaid, which they were to collect out of Avery & Ervin and settle. Witness supposes that the bank did not collect it out of Avery & Erwin as they had promised to do, and they have not paid it up to this time. The plaintiff bank was to take the balance of note for $400.00—Erwin & Avery were to pay on the following January $1,500.00 and interest on the note Davis & Wiley held, and $400.00 of it was to go to the plaintiff bank and the balance to Davis & Wiley, and the bank agreed to this in payment of $400.00. Witness had a talk with some of the

officers of the bank.   The interest on the $1,500.00 was paid by the bank.   Witness called at the bank to get payment on the Avery & Erwin note when it was due, and the bank officer gave witness to understand that Erwin, the maker, had the money to pay it, so witness made a deed for the property and tendered it at the bank and they declined to pay it.   All the parties declined to pay it.   Suit was then brought upon the $1,500.00 note and that case is still pending.   Suit brought in favor of Davis & Wiley on this note.

Davis & Wiley are still willing to carry out their part of the contract and pay them $400, when the parties pay them the $1,500."

This is the entire testimony of the witness Wilson, who was the only witness examined as appears in the record. It was all objected to in apt time, admitted by the Court, and excepted to by the plaintiff.   The defendants admit that the Davis & Wiley Bank have a suit pending for the $1,500 note of Avery & Erwin, brought since the commencement of this action.   Both notes were in evidence, that of Avery & Erwin bearing the following endorsements: "Jas. W. Wilson."   "Pay to the order of G. P. Erwin, president, for collection account Davis & Wiley Bank.   O. D. Davis, Cashier."   The latter endorsement had been stricken out. At the close of the evidence, the plaintiff filed the following requests for instructions:

1. That if the jury believe the evidence they will answer the issue "No."

2. That upon all the testimony the plaintiff is entitled to recover.

3. That there is no evidence of any assignment of any part of the Avery & Erwin note to the plaintiff bank by The Davis & Wiley Bank.

4. That there is no evidence that the plaintiff bank agreed

to accept $400 of the Avery & Erwin note in discharge of the note sued on; on the contrary, the evidence of defendant, J. W. Wilson, was that the bank "agreed to collect the Avery & Erwin note, and apply $400 on the debt sued on, but that the plaintiff bank did not collect the Avery & Erwin note."

.5. That no consideration being shown for the alleged agreement, it was *nudum pactum* and void.

6. That even if there had been a consideration, the transaction testified to by J. W. Wilson was in effect, a promise on the part of the plaintiff bank to pay the debt of Avery & Erwin, and was void under the Statute of Frauds.

That upon the testimony of J. W. Wilson, the transaction or agreement with the bank was merely executory, was without consideration, and being never executed conferred no liability.

If the jury believe that plaintiff bank did as testified by Wilson —"agree to collect" the Avery & Erwin note and pay $400 of the proceeds on the Wilson note, and that the bank did not collect it, they will find the first issue, "No."

The Court declined to give either or any of the instructions prayed for by plaintiffs, and plaintiffs excepted to the refusal of the Court to give each and every one of the instructions as prayed by plaintiffs.

The Court charged the jury as follows:

The burden of proving the affirmative of this issue by a greater weight of the evidence is upon the defendants.

If the jury find that the plaintiff bank agreed, through its Cashier, with the defendant, J. W. Wilson, to take in payment of the balance of the note sued on, an interest of $400.00 in a $1,500.00 note given said Wilson by I. T. Avery and W. C. Erwin, and assigned by said Wilson to the Davis & Wiley Bank, and further find that the said Davis

& Wiley Bank consented and agreed that plaintiff bank should have the $400.00 interest in the said $1,500.00 note, and that the said Davis & Wiley Bank in pursuance of said agreement sent the said $1,500.00 note to the plaintiff bank for collection, and that the said Davis & Wiley Bank are still willing to carry out the said agreement, then the jury will answer the issue, "Yes."

If the plaintiff bank did not agree to take in payment of the $400.00 balance on note sued on a $400.00 interest in the said $1,500.00, but only agreed to collect the $1,500.00 and apply $400.00 of the money collected to the payment of note sued on with the consent of Davis & Wiley Bank, in the event that they were able to collect it, and if the plaintiff bank has been unable to collect the said $1,500.00 note, then there would be no payment, and the jury will answer the issue, "No."

If the defendant has failed to prove by a greater weight of the evidence the affirmative of the issue, then the jury will answer the issue, "No."

Judgment was rendered for the defendants, and the plaintiff appealed.

*Upon the foregoing facts* we are of the opinion that the plaintiff is entitled to a new trial. The execution of the note having been admitted, the burden shifted upon the defendants of showing matter in avoidance. Their plea is substantially that of payment, but we find no substantial evidence tending to prove actual payment. In arriving at this conclusion we have accepted the defendants' evidence as true, and construed it in the light most favorable for them, as it is our duty to do in a prayer for instruction in the nature of a demurrer to the evidence. *Cox v. Railroad,* 123 N. C., 604; *Cable v. Railroad Company,* 122 N. C., 892. At best, the evidence tends to prove simply an executory

agreement to pay.   It is not contended that the note in suit
has ever been actually paid, or that it has been cancelled or
surrendered.   It was permitted to remain in the possession
of the bank, and was turned over among its assets to the
receiver.   The testimony of the defendant, Wilson, that the
Davis & Wiley Bank is still willing to carry out its part of
the contract, if admissible, tends to prove an executory agree-
ment; while the endorsement on the $1,500 note shows that
it was transmitted to the plaintiff for collection entirely on
account of the Davis & Wiley Bank, without admission of
any interest whatever belonging to the plaintiff.   *Boykin v.
Bank,* 118 N. C., 566; *Bank v. Bank,* 119 N. C., 307.   We
are not attempting to pass upon the *weight* of the evidence,
for that function belongs to the jury; but we think that in the
absence of any evidence more than a mere scintilla tending
to prove the contention of the defendants, on whom rested
the burden of proof, the Court should have directed a verdict
in favor of the plaintiff.   *Spruill v. Insurance Co.,* 120
N. C., 141.

But if we are mistaken in our view of the evidence, we
are still of the   opinion that the alleged   agreement was
beyond the scope of the agency of a Cashier, and without
consideration, and therefore void.   There is no pretence of
consideration.   The payment by the defendant, Wilson, of
the $21.74 was simply the payment of a small part of that
for which he was bound.   We do not think that a Cashier
can, without express authority, take in payment of a note
a mere verbal assignment of an intangible interest in another
note already held by another bank as collateral security.   If
the alleged contract operated as payment in full of the note
in suit, then the plaintiff bank has absolutely nothing to show
for the unpaid debt originally owing to it by the defendants,
and still owing by somebody.   Such transactions are not

within the ordinary dealings of a bank, and can not be encouraged.

It is scarcely necessary to cite authorities as to the effect of a *nudum pactum,* especially when made by an agent.

Our view of the case renders it unnecessary for us to discuss the other questions raised by exception. For the reasons above stated a new trial must be ordered.

New trial.

### DEFENDANT'S APPEAL IN SAME CASE.

DOUGLAS, J. This is the appeal of the defendant Manufacturing Company in the preceding case between the same parties, involving, however, an entirely different question of law. The plaintiff brought this action upon the promissory note of the defendant Manufacturing Company, endorsed by said Wilson. The defendant company filed its separate answer as follows:

1. "That after the suit was brought in this case by the plaintiff bank, it failed, and the plaintiff, L. A. Bristol, was made permanent receiver, and is made party plaintiff at this term of the Court; that he is now pressing this cause against defendants to create assets in his hands."

2. "That at the time of the failure of said bank, on the 2nd of December, 1898, this defendant was a depositor, and had to its credit on the books of said bank the sum of $100.36, which sum is still due and owing to this defendant, and defendant now pleads the said sum of $100.36 as a counter-claim against the debt of the plaintiff."

The defendant company admitted the execution of the note in suit and that its said counter-claim was not in existence when this action was brought. The plaintiff admitted the facts alleged in the separate answer of the defendant

company, but demurred *ore tenus* to the answer of said company, on the ground that the said counter-claim was not in existence when this action was brought. The demurrer was sustained, and the defendant company appealed.

We see no error in the ruling of the Court below. As we have said in *Electric Co. v. Williams,* 123 N. C., 51, the counter-claim, as it now exists, is the creature of The Code, being provided for in Section 244, which is as follows: "The counter-claim mentioned in the preceding Section must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action: (1) A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action. (2) In an action arising on contract, any other cause of action arising also on contract and *existing* at the commencement of the action." The counter-claim of the defendant company has no connection whatever with the plaintiff's original cause of action, and hence must come under the second class, which are available only when existing at the commencement of the action.

We see no ground for equitable interference. The defendant company deposited money to its own credit with the plaintiff after the plaintiff had brought suit on a note in which the defendant company was the principal debtor. It may seem hard that the plaintiff should collect its own debt in full, and also keep the money of the defendant, but it is the defendant's own fault. It might have applied this money to the payment of its own debt; but if it failed or refused to do so, it must abide the consequences of its own acts. It may be that it relied on the defence of its co-defendant, Wilson, and preferred to keep its money where

it could be withdrawn in case of need.  Whatever may have been the motive, it was a deposit and not a payment, and, occuring after the bringing of the action, can not be set up as a counter-claim.  We see no error in this appeal.