A. J. BRINSON ET ALS. v. DUPLIN COUNTY AND COUNTY COMMISSIONERS.

(Filed 14 March, 1917.)

**Abatement—Statutes—Supreme Court—Counties.**

> A county and its commissioners having been ordered by the court, in mandamus, to build certain fences and borrow the necessary funds to pay for them (Revisal, 1310, 1), appealed to the Supreme Court, pending which an act was passed repealing the statute upon which the order was made. *Held,* the action abates in the Supreme Court upon presentation of a certified copy of the act. The costs of the Superior Court will be paid by defendant and those of the appeal equally divided between the parties.

APPEAL by defendants from *Lyon, J.,* January Term, 1917, of DUPLIN.

*R. D. Johnson* for plaintiffs.
*L. A. Beasley* for defendants.

CLARK, C. J. This is a mandamus against Duplin County (Revisal, 1310 (1); *Fountain v. Pitt,* 171 N. C., 114), and its commissioners to

compel the building of fences around the county, and around certain territories therein, and to borrow necessary funds to pay for the same, under the authority of chapter 512, Laws 1915. The court gave judgment in favor of the plaintiffs.

Pending the appeal by the defendants the General Assembly of 1917 has passed House Bill 919, Senate Bill 1305, to authorize Duplin County to issue bonds to build fences around said county and said territories therein, provided that a bond issue for $100,000 for said purpose shall be ratified by a vote of the people, and repealing chapter 512, Laws 1915, under which this proceeding was instituted.

The defendants' counsel present the certified copy of said act and move that this proceeding be abated. The motion must be allowed, *Wikel v. Comrs.,* 120 N. C., 451, and in accordance with the ruling therein, "the judgment for costs below is affirmed, and each party will pay his own costs in this Court, as the repealing statute was enacted before judgment here." To the same effect, *Herring v. Pugh,* 125 N. C., 437.

Abates.