STATE Ex Rel THE BOARD OF COMMISSIONERS OF MOORE COUNTY, v. DANIEL ALPHONSO BLUE, McI. KENNEDY, C. C. FRY, J. TALBOT JOHNSON, J. M. BROWN, N. J. CARTER, M. A. MONROE, RAEPHAEL W. PUMPELLY, W. C. BROWN, S. G. GARNER, C. F. GARNER, M. C. McDONALD, W. L. HOLIDAY, W. A. BLUE, S. F. COLE, J. McN. JOHNSON, ALEX. H. McLEOD, GEORGE W. McNEILL, H. A. PAGE, Jr., J. F. ALLRED, R. G. FARRELL, J. R. PAGE, A. CAMERON, RALEIGH BREWER, W. T. BROWN, M. McL. McKEITHEN, LEONARD TUFTS, W. H. CURRIE, J. L. DOWD, W. M. FIELDS, B. D. DOWD, W. J. WADSWORTH, and W. G. TYSON.

(Filed 9 December, 1925.)

**1. Taxation—Counties—Sheriffs—Settlement—Counterclaim.**

It is against sound policy to permit a sheriff to plead a counterclaim or set off against his settlement with the county in accordance with tax books given into his hands and certified for the purpose of collection, such sums as he deems to have been erroneously placed thereon.

**2. Same—Contracts.**

Taxes are not debts existing by contract, but collectible by the counties under the exercise of their governmental functions and for their existence.

**3. Statutes — Recoupments — Offset — Counterclaim—Actions—Common Law.**

Recoupment and set-off, and counterclaim which is of a broader scope, are creatures of statute unknown to the common law.

**4. Taxation—Sheriffs—Tax Books—Settlement—Estoppel.**

A sheriff who has received the certified tax books for the collection of taxes, is estopped to deny the validity of the taxes as therein assessed, after he has assumed to act accordingly.

**5. Statutes—Interpretation—Retroactive Statutes—Taxation.**

A statute which changes the law theretofore existing in permitting the sheriff to plead a counterclaim as to the settlement of his taxes according to the certified tax books he has received from the county for the purpose, and expressing that it was to be in force from and after its ratification, cannot be construed to have a retroactive effect.

**6. Same—Sheriffs—Settlement of Taxes.**

Chapter 254, Public Laws of 1925, expressly permitting a sheriff to plead a counterclaim in his settlement for taxes, covers specific errors and mistakes made against ex-sheriffs or tax collectors, and being expressly prospective in effect, is unavailable as a counterclaim for the settlement of taxes collected for preceding years by the same sheriff.

**7. Statutes—Retroactive Statutes—Interpretation—Presumptions.**

For the courts to declare a statute retroactive in effect, the legislative intent as therein expressed must be clear and unmistakable, the presumption being to the contrary.

**8. Taxation—Discretion of Court—Safe-Keeping of Tax Books—Appeal and Error.**

In an action by a county to recover from a sheriff a balance due upon the tax book certified and delivered to him, it is within the sound discretion of the trial judge to order the tax list deposited in a fire-proof vault of the county to be available to the inspection of the parties and the public, retaining the cause for further and appropriate orders as conditions may require.

APPEAL by defendant from MOORE Superior Court. *Bryson, J.*

Action to recover balance due on tax lists certified to defendant Blue, sheriff. From a judgment sustaining plaintiff's demurrer to counterclaim defendants appeal. Affirmed.

The plaintiff alleged the levy of taxes for 1922, for its several purposes in the sum of $276,292.23, and that these lists were duly certified to the defendant, Daniel Alphonso Blue, sheriff, for collection, and that he had failed to pay the plaintiff, or to receive credit for a balance thereof in the aggregate sum of $56,283.70 with interest on $36,720.35 thereof at 2 per cent per annum from 30 September, 1924, and interest on $20,-563.35 thereof at 6 per cent from 30 September, 1924, (said date being the date of the institution of this action).

The defendant sheriff denied the amount of plaintiff's claims, and alleges his willingness to settle and pay the correct amount due plaintiff, but set up that there had been no settlement in reference to the taxes for 1922, and no demand on defendant, Daniel Alphonso Blue, sheriff, therefor. The defendants further alleged special errors in paying over taxes in 1918, 1919, 1920, 1921, each year, in the sum of $5,000, and during the years 1921 and 1922, the plaintiff wrongfully charged in the tax list $6,450, comprised of items of taxes levied on "foreign stock"; that is, stock owned by residents of Moore County in corporations of other

states, and that he was entitled in the 1922 settlement to recover $2,400 over payment.

To this counterclaim, plaintiff demurred as follows:

"1. That the said defendant sheriff, under the laws of this State, cannot plead any special error against him in the settlements of the taxes of 1918, 1919, 1920 and 1921, or special error in the settlement for either of said years, as a set-off, counterclaim or recoupment in this action brought against him by plaintiff for taxes collected, due and owing by him to plaintiff for the year of 1922.

"2. That plaintiff's cause of action herein does not arise upon contract but is based upon the duty of the defendant sheriff to collect and account to the plaintiff for the county's moneys which he has collected as its agent for the year 1922, and should have in hand, and the same is not under the laws of this State subject to set-off, counterclaim or recoupment for special errors in settlements for said years of 1918, 1919, 1920, and 1921."

Plaintiff further demurred to the offset, counterclaim and recoupment set up by defendant sheriff, with reference to the item of $6,350, which the said sheriff says was wrongfully charged against him, as follows:

"1. That plaintiff's demands in this action for 1922 taxes, cannot be offset, counterclaimed or in anyway reduced by plea of any special error in the settlement of 1921 taxes charged against said defendant sheriff on foreign corporate stock, whether collected by said sheriff or not.

"2. That under the Constitution and laws of the State the county of Moore was, in 1921 and 1922, required, to levy taxes on and against foreign corporation stock held in Moore County, and the said sheriff is not entitled to relief on account thereof, except in such cases as the board of commissioners of said county may have granted relief."

On 14 February, 1925, an order was entered, directing that the tax lists or tax books of Moore County, endorsed by the board of commissioners to the defendant sheriff for the collection of the public taxes for the years 1918, 1919, 1920, 1921 and 1922, be filed for safe-keeping in the fire-proof vaults in the office of the register of deeds for Moore County, as public records of said office. The purpose of this order is thus stated: "Where the same may be accessible to the public and the parties to this action."

The defendant sheriff appealed from this order.

This action was instituted against the defendant, Daniel Alphonso Blue, sheriff of Moore County, and the other defendants who are his bondsmen.

*R. L. Burns for plaintiff.*
*Siler & Barber and Hoyle & Hoyle for defendants.*

VARSER, J. Defendants' appeal presents two questions: (1) Whether the pleaded counterclaim is available as such in this action; and (2) whether there was error in the order with reference to the safe-keeping of the tax list.

We are clearly of the opinion, and so hold, that at the time of the hearing at February Term of Moore Superior Court, 1925, the pleaded counterclaim was not good against the demurrer and was not available to the defendant in any respect as a bar to the suit of Moore County to compel the defendant sheriff to make settlement, as required by law, of the taxes represented by the tax list and duly certified to him, as allowed by law. *Battle v. Thompson,* 65 N. C., 406; *Cobb v. Elizabeth City,* 75 N. C., 1; *Gatling v. Comrs.,* 92 N. C., 536, 539; *S. v. Georgia Co.,* 112 N. C., 34; *Comrs. v. White,* 123 N. C., 534; *Wilmington v. Bryan,* 141 N. C., 666; *Graded School v. McDowell,* 157 N. C., 316, 317; Cooley on Taxation, 15, 16. This question is squarely presented in *Comrs. v. Hall,* 177 N. C., 490, when the Court upheld a demurrer against a counterclaim, such as has been pleaded in the instant case. As stated by *Brown, J.,* in *Wilmington v. Bryan, supra:* "No counterclaim is valid against a demand for taxes." And, in the same case, *Walker, J.,* concurring as to this proposition, says: "Neither a taxpayer nor a sheriff can plead a set-off in a suit against him for taxes due and owing. . . . This is so upon the ground of public policy. To permit a taxpayer or an officer charged with the collection of taxes to set up an opposing claim against the State or the city might seriously embarrass the Government in its financial operation by delaying the collection of taxes to pay current expenses." This reasoning applies with equal force to a county which has, necessarily, made its levy for the respective years mentioned in the counterclaim, upon the then needs of the county government, and to allow a counterclaim collected through the years against the settlement sued for, might result in much embarrassment to the county and its taxpayers. Taxes are not debts resting upon contract or upon the consent of the taxpayers, and are not debts in the ordinary sense of the word, and to hold that a tax is liable to set-off would be subversive to the power of government and destructive for the purpose for which the tax is levied. *Gatling v. Comrs., supra.*

"Recoupment" and "set-off," unknown at common law, are creatures of the statute. *Electric Co. v. Williams,* 123 N. C., 51; *Boyett v. Vaughan,* 85 N. C., 363. Counterclaim is broader and embraces recoupment and set-offs, but exceeds them both. It was unknown in this State until the Code of Civil Procedure was adopted. *Valentine v. Holloman,* 63 N. C., 475; *Teague v. James,* 63 N. C., 91; *March v. Thomas,* 63 N. C., 87; *Electric Co. v. Williams, supra; Bank v. Wilson,* 124 N. C., 562, 570; 24 R. C. L., 792 *et seq.*

The counterclaim, wherein the defendant sheriff seeks to challenge the right and power of the commissioners of Moore County to levy a tax on shares of stock in foreign corporations, is not available to defendants for two reasons:

(1) Prior to the adoption of the Revenue Act of 1923, sec. 4, such a tax was authorized and directed to be levied. Public Laws 1921, ch. 38, sec. 40, with necessary machinery for fixing values prescribed therein. *Worth v. Comrs.,* 82 N. C., 420; *Worth v. Comrs.,* 90 N. C., 409; *Redmond v. Comrs.,* 106 N. C., 122. An interesting discussion of this and similar tax legislation appears in *Person v. Watts,* 184 N. C., 499, and in *Person v. Doughton,* 186 N. C., 723. County commissioners have no power to release from taxation property subject thereto. C. S., 7976. *Lemley v. Comrs.,* 85 N. C., 379. The Legislature has no power to compel a return of taxes legally collected. *Bailey v. Raleigh,* 130 N. C., 209.

(2) The defendant sheriff is estopped to question the authority of the commissioners to levy the taxes certified to him when the tax lists have been received by him and he has acted under them. *S. v. Woodside,* 31 N. C., 496; *McGuire v. Williams,* 123 N. C., 349.

Defendants, however, claim that whatever was the status of their pleaded counterclaim, when the judgment on the demurrer was rendered, that on 10 March, 1925, chapter 254, Public Laws 1925, was ratified by the Legislature and that this act expressly permits the pleaded counterclaim. This act is broad enough to cover specific errors and mistakes made against "ex-sheriff" or "ex-tax-collector." The county commissioners are given authority to correct such errors and give him credit when he goes out of office, and it provides that an action for the settlement of taxes, such errors and mistakes, shall be allowed as set-offs or counterclaims against any amount that he may owe at that time.

Section 3 of this act is in usual form as follows: "That this act shall be in force from and after its ratification." (10 March, 1925.)

Defendants contend that this act is both prospective and retroactive. Although enacted pending this appeal, they contend that this Court must necessarily reverse the judgment sustaining the demurrer and permit the counterclaim to avail if supported by proper proof.

Statutes ought not to act retrospectively and will not be so construed unless their terms require it. *S. v. Littlefield,* 93 N. C., 614. A plain expression of legislative intent, that it shall have retroactive effect, is necessary. *Leak v. Gay,* 107 N. C., 481. Statutes are not to be given retroactive effect when such a construction would interfere with vested rights (*Lowe v. Harris,* 112 N. C., 489), or would interfere with judgments already rendered (*Morrison v. McDonald,* 113 N. C., 327). A power to open or vacate judgment is essentially judicial, and since one of the great constitutional principles underlying our government, is the

separation of the powers and functions of the three departments of the government, legislative, executive and judicial, we will not construe an act of the Legislature to have this intent, unless it clearly appears in the act itself.  Black on Judgments, 2 ed., paragraphs 298, 455. Freeman on Judgments, 5 ed., 395, 396; *S. v. Wildes,* 34 Nev., 94; *Gilman v. Tucker,* 128 N. Y., 190; *McCulloch v. Virginia,* 172 U. S., 102; *S. v. Wheeling and Belmont Bridge Co.,* 18 Howard, U. S., 421; *S. v. Klein,* 13 Wallace, U. S., 128; Cooley's Constitutional Limitations, 94; *Arnold v. Kelly,* 5 West Va., 446.

It would not be fair or respectful to a coördinate branch of the government to assume that it intended to exceed its powers or to interfere with rights already adjudicated or to interfere with the financial condition of counties and seriously interfere with their function, when it has expressly stated that "this act shall be in effect from and after its ratification," thereby expressly negativing a retroactive intent, nothing else appearing.  "There is always a presumption that statutes are intended to operate prospectively only, and words ought not to have a retrospective operation unless they are so clear, strong and imperative that no other meaning can be annexed to them, or unless the intention of the Legislature cannot be otherwise satisfied.  Every reasonable doubt is resolved against a retroactive operation of the statute.  If all the language of a statute can be satisfied by giving it prospective action, only that construction will be given.  Especially will a statute be regarded as operating prospectively when it is in derogation of the common-law right or the effect of giving it retroactive operation will be to destroy a vested right or to render the statute unconstitutional." 25 R. C. L., 787; Black on Interpretation of Laws, 252; *Hicks v. Kearney,* 189 N. C., 316, 319; *Waddill v. Masten,* 172 N. C., 582; *Mann v. Allen,* 171 N. C., 219; *Elizabeth City v. Comrs.,* 146 N. C., 539; *Stephens v. Hicks,* 156 N. C., 239, 245; *Jones v. Schull,* 153 N. C., 517; *Greer v. Asheville,* 114 N. C., 678; *Woodley v. Bond,* 66 N. C., 396.

The defendants, however, rely upon *Brinson v. Comrs.,* 173 N. C., 137, and *Wikel v. Comrs.,* 120 N. C., 451. These cases widely differ from the instant case.  In *Brinson v. Comrs., supra,* plaintiffs, citizens of Duplin County, sought a mandamus to compel the building of fences, around the county and certain territory therein, under chapter 512, Laws of 1915, and pending the defendants' appeal, the Legislature repealed the specific statute sued upon and the action abated because the act upon which it existed ceased to exist.  In *Wikle v. Comrs., supra,* a mandamus was sought to compel the building of a bridge over the Tuckaseegee River as required by chapter 12, Acts 1895.  Pending the appeal, the Legislature repealed chapter 12, Acts 1895 and the action abated, because it had no basis upon which to exist.  In the case at bar

no legislation affecting plaintiff's rights to sue has been enacted since the action was instituted, but the act of 10 March, 1925, relied upon by defendants, allows set-offs and counterclaims not theretofore allowed. and is prospective only, and does not apply to, or affect, the· judgment sustaining the demurrer. Since this statute, chapter 254, Public Laws 1925, appears, upon first impression, to be subversive of the unbroken line of decisions in this State since the beginning of its government, we are comforted in the fact that it is prospective, and not before us for interpretation or enforcement.

The defendants also appeal from the order of *Bryson, J.,* requiring the tax list to be deposited in the fire-proof vault of Moore County in the register's office, for the protection of the public and the parties to this action, with express provision of accessibility to all persons interested. This is in the discretion of the court and well within its power and no facts are presented in the record tending to show that this order will prejudice the rights of any party or that the facts did not support the order. Courts do not presume error. It must affirmatively appear. *Perry v. Surety Co., ante,* 284, 292.

The exception to this order is not sustained. If, at any time, during the progress of this suit, the rights of the parties, or their convenience in preparing for the trial of this cause shall necessitate a change in, or modification of, this order, relief may be had upon motion to the judge.

Let it be certified that the judgment and order appealed from are
Affirmed.