K. P. BATTLE, Treasurer of the State of North Carolina *v.* JOSEPH THOMPSON.

Where a person is indebted to the State of North Carolina, and is sued on such indebtedness, he cannot offer as a set-off or counter claim, the indebtedness of the State to him arising out of coupons of the State which are overdue, and which the State legally owes.

A set off is allowed to avoid *circuity* of actions, hence it cannot be entertained in this case, as none of its citizens can bring suit against the State.

Where the State sues one of its citizens who has a claim against the State which falls under clause 1, sec. 101, C. C. P., and arises out of the contract, or is connected with the subject of the action, it may be that the defence can be made against the State, not however upon the principle that a set-off or counter claim could be offered by the defendant, but upon the ground that the claim is in the nature of a payment or credit. *Lindsay* v. *King,* 1 Ire. 40; *Worth* v. *Fentress,* 1 Dev. 419, cited and approved.

This was an action of DEBT brought under the old system, tried before *Russell, J.,* at Spring Term, 1871, of ROBESON Court.

The plaintiff declared upon a single bill executed by the defendant and payable to the plaintiff as Public Treasurer of North Carolina, and his successors in office, the consideration

whereof, was a lot of cotton sold by the plaintiff, as Treasurer aforesaid, to the defendant.

The plaintiff relied upon the plea of set-off, and for the purpose of establishing said plea, offered in evidence, coupons taken from bonds executed by the State of North Carolina, to the amount of plaintiff's indebtedness to the State. It was admitted that these coupons were taken from bonds upon which the State of North Carolina was liable; that they were overdue at the commencement of this action, and belonged to defendant.

The Court held that the coupons offered by defendant, did not constitute a set-off.

There was a verdict for plaintiff, Rule, &c., Judgment and Appeal.

*W. Mc. L. McKay,* for appellant.
*K. P. Battle,* and *Leitch,* for appellee.

PEARSON, C. J. The State has the beneficial interest in the note sued on. The question will be considered as if the action was in the name of the State, and the debts mutual.

The defendant holds an unconnected cross demand against the State, and the question is can he use it as a defence to the action? In an action by an individual, the demand would be available as a counter claim, under 2 clause, sec. 101, C. C. P. "a cause of action arising on contract, and existing at the commencement of the action." In this instance the counter claim is precisely the same as a set-off under Rev. Code, chap. 31, sec. 77.

A set-off must be a claim upon which an action of debt, or *indebitatus assumpsit,* will lie. *Lindsay* v. *King,* 1 Ire. 401. The defendant has his election either to use his demand as a set-off, or to bring a separate action on it. When used in defence it is treated as a cross action; for which reason the plaintiff may reply double, under the statute 4 Anne. *Worth* v. *Fentress,* 1 Dev. 419.

BATTLE *v.* THOMPSON.

The test of a set-off under the statute, and a counter claim under clause 2, sec. 101, C. C. P., is this: Could the defendant maintain an action against the plaintiff? Tried by this test, the defence in our case fails, for a citizen cannot maintain an action against the State.

The provision of the Constitution, Art. 4, sec. 11, which the defendant's counsel "prayed in aid," operates against him, for· it assumes that the State cannot be sued in the ordinary way,. and only relaxes to the extent of conferring on the Supreme Court original jurisdiction to hear claims against the State; but its decisions are merely recommendatory: thus excluding beyond all question, the idea that the State can be sued in the Superior Court, which as we have seen would be the effect of. allowing a set-off or counter claim under clause 2, sec. 101, C. C. P.

When the defendant's claim falls under clause 1, sec. 101, C. C. P., and arises out of the contract or is connected with the subject of the action, it may be that the defence can be made against the State, and the claim be allowed in diminution of. the amount to be recovered, or to prevent a judgment in favor of the State, when the claim is equal to, or in excess of the demand of the State; but it would be on the ground that the claim is in the nature of a payment, or a credit, to which the defendant is entitled, and that the demand of the State is, in fact, only for the balance.

Such a defence was available at Common Law, and is independent of the statute of set-off. So it does not involve the idea of a cross action; however this may be, the present case. does not fall under the principle.

There is no error.

PER CURIAM.                                           Judgment affirmed..