JOSEPH FINNEGAN, APPELLANT, VS. THE CITY OF FERNAN-
DINA AND GEORGE WASHINGTON, CLERK OF SAID CITY, AP-
PELLEES.

1. Equity will not enjoin the collection of taxes by a municipal corpora-
tion from the property of its creditor until the debt due by the cor-
poration to such creditor is paid. A tax is not the subject matter of
set off.
2. Equity will not enjoin the sale of property for taxes on account of
irregularities in the matter of notice of time and place of sale.
3. A court of equity will not devise some method to recover a debt be-
cause of failure to recover the debt through the ordinary legal rem-
edies.

Appeal from the Circuit Court of Nassau county, Fourth
Judicial Circuit.

Joseph Finnegan files his bill in the Circuit Court of
Nassau county against the city of Fernandina. After alleg-
ing the corporate existence of the city, he says that in Octo-
ber, A. D. 1860, the said city made and executed its bond
to him for the sum of $3,300, payable on or before the 4th
day of October, A. D. 1863, with interest, payable annually
at the rate of eight per cent. per annum; that the consider-
ation for said bond was real estate situate within the said
city, sold by him to the city. That the city failing to pay
either principal or interest of said bond, he filed his petition
in the Circuit Court of Nassau county in the year 1866,
praying for a writ of mandamus to compel payment. That
after appearance, argument and hearing a peremptory writ
was awarded, and that up to the year A. D. 1869, payments,
amounting in the aggregate to the sum of three hundred
and thirty-eight dollars, were made, since which time the
city has refused to make any further payment, and there is
now due him $6,523. Complainant further states that by
various devices of the city, and through the leniency of the
court, the city has failed to carry out the order of the court
in the matter of levying and collecting taxes to pay his,

debt, and has refused to comply with the order of the court.
That the city has, for more than nine years, resisted and
wilfully disobeyed all the mandates and orders emanating
from the law side of the court. That he is the owner of a
number of lots in the city of Fernandina, upon which the
said city has levied a tax for the year A. D. 1873, amount-
ing in the aggregate to the sum of $121.69. That he has
offered to allow a credit to the city of Fernandina for the
amount of his tax upon the indebtedness of the city to him,
which offer the city has failed to accept. That on the 28th
February, A. D. 1874, the clerk of the said city inserted an
advertisement in the "Fernandina *Observer*," in which he
gave notice that he would sell on Monday, the 23d day of
March, 1874, within the legal hours of sale, before the court-
house door in the city of Fernandina, his said lots, or so
much thereof as will pay the city taxes thereon for the year
1873, with costs. That subsequent to the said 28th day of
February, this notice was changed as to the day of sale so as
to read the 6th day of April, A. D. 1874. That said notice
is not in compliance with law, and that said clerk has no
authority, under the law, to advertise or sell property to
enforce the payment of city taxes. That the individuals
composing the city government are insolvent. That unless
relief is extended to him as prayed, he is remediless.

Plaintiff prays that the clerk may be enjoined from sell-
ing, from advertising and from offering to sell his said lots,
either on the 6th of April, A. D. 1874, or at any other time
or place, to pay the city taxes for the year 1873. That the
city of Fernandina and its officers may be enjoined from
collecting city taxes from him until the city shall have paid
and discharged the full amount of his debt, principal and
interest, accrued and to accrue thereon, with costs, as re-
quired by the writ of mandamus against the city.

To this bill the defendant interposed a demurrer. The
grounds of the demurrer were:

*First.* Under the Constitution and laws of the State of

Florida the municipal corporation, known as the city of Fernandina in 1860, is dissolved.

*Second.* That the city of Fernandina received no consideration for the alleged debt.

There was final judgment for the defendant upon this demurrer.

Upon this appeal appellant seeks a reversal of the judgment upon two grounds—

*First.* Because the demurrer states facts that do not appear on the face of the bill; that it is a speaking demurrer.

*Second.* Because the facts stated in the demurrer furnish no defence to the case made by the bill.

*Fleming & Daniel* for Appellant.

*Friend & Hammond* for Appellees.

WESTCOTT, J., delivered the opinion of the court.

This cause was heard in the Circuit Court upon demurrer to the bill of complaint. The principal question discussed in this court was the dissolution of the municipal corporation of the city of Fernandina. The view we take of the case renders it unnecessary to examine that question. There is no equity in the bill, and consequently the decree of the Circuit Court dismissing the bill was correct. There are three questions presented by the facts set up in the bill. These questions are:

*First.* Will a court of equity enjoin the collection of taxes by a municipal corporation from the property of its creditor, until the debt due by the corporation to such creditor is paid? Will it set off such debt against the tax?

*Second.* Will a court of equity enjoin the sale of property for taxes on account of irregularities in the matter of notice of time and place of sale?

*Third.* Will the failure to recover a debt through the ordinary legal remedies justify a court of equity in devising some method to accomplish that end?

To the first question: The amount which the citizen pays to the government through taxation is not regarded as the settlement of a simple contract or matter of indebtedness, capable of being accurately estimated in value in the same manner as an ordinary indebtedness existing between individuals. A public use, a public benefit to all and to each, is one of the essential ends sought to be obtained through such taxation. The public good, through the instrumentality of local municipal governments, exercising political, governmental and civil powers and functions, is the object sought to be attained, and the power of taxation is an essential means given to reach this end. A court of equity should not assume such powers as would, in any event, embarrass the attainment of these ends by the corporation. To enjoin the collection of municipal taxes due upon property owned by individuals, to the extent that there is a debt from the city to such individuals, is the exercise of a power of appropriation and interference with public trusts and the exercise of delegated sovereign powers which has not received the sanction of any court. The amount of the tax is not strictly a debt due by the person. Its collection is enforced without suit, and in many other respects there is a difference. (7 Wall., 80.) It is a burden imposed upon property, the return for which it is presumed the tax-payer receives in the matter of benefit through police regulations and other results incident to municipal government. The exact amount of benefit which each citizen receives from the exercise of such powers is not the subject of precise calculation. Taxes and public revenues are not subject to executions against municipal corporations. Upon the same principle, salaries due officers of a municipal corporation are not, in general, subject to garnishment. As a matter of abstract right and morality, it is unquestionably true that all the property and funds of a debtor, whether it be a corporation or an individual, should be subject to compulsory process at the suit of the

creditor, and this is the general theory of the law. Even this rule, however, is subject to many exceptions, such as exemptions allowed from motives of public policy. In the, matter of municipal revenues and taxes, the rule at law is that they are exempt from execution, unless by statute they. are made so liable. The same principle which exempts. them at law would not permit a court of equity to allow. a creditor to set off his debt against his taxes. To this ex-. tent a court of equity would be administering the general revenues of the corporation and assuming municipal discre- tions. There is no lien upon the fund to be enforced; and there is no trust in connection with the debt, unless the general abstract power and duty to tax to. pay debts is it- self a trust. This is no more a trust than the duty and power of every individual who has funds to pay debts is a trust.

In treating of the matter of set-off and taxation, the Su-. preme Court of New Jersey remark : " Debt is the subject- matter of set-off, and is liable to set-off; a tax is neither. To hold that a tax is liable to set-off would be utterly sub- versive of the power of government, and destructive of .the very end of taxation." 2 Dutcher, 399 ; 3 Met., 526 ; 26 Vmt., 486.

The next question is, will a court of equity enjoin the sale of property for taxes on account of irregularities in the matter of notice of time and place of sale ? If the tax is due—and that such is the case is not here denied—the party should pay it. A court of equity will not aid him in resist- ing the just and legal demands of the government. It will not step in, for such reasons, and protect a party in not pay- ing a tax which he admits is due. This is a very familiar principle, obtaining in all· of the States.

The only other question remaining is, will a court of equi- ty, on account of the failure of the *mandamus* proceeding, devise some method to. enforce payment of the debt ?

Substantially, this proposition was considered by the Su-

preme Court of the United States in the cases of Rees vs. The City of Watertown, (19 Wall., 107,) and the case of Heine vs. The Levee Commissioners, (19 Wall., 658.) It is held in these cases that the failure of the ordinary legal remedy does not confer any jurisdiction upon the court of chancery. Because the proceeding has not been used at law with sufficient success by the plaintiff to secure his debt, cannot justify a court of equity in devising some method to accomplish that end.

The judgment is affirmed.