JOHN GATLING v. THE COMMISSIONERS OF CARTERET COUNTY.

*Taxation—Set-off—Counter-claim—Municipal Corporation.*

1. A tax is not a debt in the ordinary sense of that word. It is an impost levied by the sovereign for the support of the State, and it is not founded on contract. When the statute prescribed no special manner for its collection, it may be collected by an action at law, but when a method is provided by statute, an action for its collection cannot be maintained.

2. A counter-claim or set-off is a defence to an action, and exists only in favor of a defendant. It arises when the demand, both of the plaintiff and the defendant, is a debt, arising out of contract and existing at the commencement of the action.

3. Where a municipal corporation is indebted to a taxpayer, the latter is not entitled either in law or equity to have the amount due him applied as a set-off or counter-claim against the amount he owes for taxes.

(*Hurst* v. *Everett*, 91 N. C., 399; *Battle* v. *Thompson*, 65 N. C., 406; *Cobb* v. *Elizabeth City*, 75 N. C., 1, cited and approved).

MOTION to continue an injunction to the hearing, heard by *Shepherd, Judge*, at Spring Term, 1884, of CARTERET Superior Court.

His Honor refused to continue the restraining order theretofore granted and dismissed the action, and the plaintiff appealed.

*Mr. John Gatling*, for the plaintiff.
*Messrs. Simmons & Manly* for the defendants.

ASHE, J. This was a civil action brought by the plaintiff against the defendants as commissioners of Carteret county, to have a debt due to him by the county set off against certain taxes assessed against him by the commissioners for the years 1882 and 1883, and for an injunction against the defendants, to restrain them from collecting said taxes.

The plaintiff in his complaint alleged that the county of Carteret was indebted to him in the sum of eight thousand dollars, evidenced by two judgments against the board of commissioners of said county, each for the sum of four thousand dollars, founded upon bonds issued by the board of commissioners of said county under the provisions of an act of the General Assembly of the State of North Carolina, entitled "An act to incorporate the North Carolina Railroad Company and the North Carolina and Western Railroad Company," ratified the 27th of December, 1852, whereby the said county and its properly constituted authorities became bound to levy annually on the persons, lands, and other property within said county, and collect, such taxes as may be sufficient to pay such bonds and interest. That the judgments are still due and owing, no part thereof having been paid, and that payment has often been demanded; that the plaintiff has property situated at Morehead City in the county of Carteret which has been assessed for taxes for two years, 1882 and 1883, both for State and county purposes, and the tax lists have been placed in the hands of the sheriff of said county for collection; that he has paid all of the taxes due for those years, except the general tax for county purposes, so far as they have come to his knowledge; that he is entitled in equity and good conscience to have the said indebtedness of the county to him declared a set-off or counter-claim *pro tanto* against said residue of taxes, and he prayed for such application and for a restraining order enjoining the defendants from collecting such residue.

The defendants answered the complaint, admitting some of the allegations thereof and denying others.

The plaintiff then moved for a restraining order founded upon an affidavit, varying but little from the allegations in his complaint, and the defendants filed a counter-affidavit similar to their answer.

On the 28th day of March, 1884, His Honor A. C. Avery, at Chambers, granted the restraining order as prayed for, to be heard before His Honor J. E. Shepherd, and it having been agreed between the counsel of both parties that His Honor should try the cause upon the facts found by him, and the complaint and answer, His Honor found the facts substantially as stated in the affidavit of the plaintiff, and adjudged that the plaintiff was not entitled to the relief demanded, and that the action be dismissed and the defendant to recover his costs to be taxed by the clerk.

The sole question presented for our determination is, whether the plaintiff can set up the judgments which he has against the county, as a set-off or counter-claim against the taxes admitted by him to be due to the county for the years 1882 and 1883.

The position taken by the plaintiff in seeking to set off the debt due him from the county of Carteret against the taxes assessed by the county authorities upon his property situated in that county, cannot be sustained upon any principle of law or equity.

It is certainly an action of the first impression. Matter which is purely defensive in its character, and is only allowed as a defence to an action, is sought to be used as the *gravamen* of an action. As a counter-claim it cannot avail the plaintiff, for that is in the nature of a cross action, and must be a cause of action existing in favor of a *defendant* and against a *plaintiff*, between whom a several judgment might be had. *The Code*, §244.

There is no rule of practice or procedure, known even to the loose pleading tolerated by the Code System, which allows a plaintiff to set up a counter-claim against a defendant—such an action is an anomaly in legal proceedings.

The same observations apply with equal appositeness to a set-off, which, like the counter-claim, is a *defence* to the action, and only exists where the demand, as well of the plaintiff as of the defendant, is a *debt*, such a demand as under the old practice could only be recovered by an action of debt or *indebitatus assumpsit*, but enlarged by The Code so as to embrace any cause of action arising on contract existing at the commencement of the action, extrinsic to the plaintiff's cause of action.   *The Code,* §244; *Hurst* v. *Everett,* 91 N. C., 399.   But still it must be a debt in the broad sense of that term, a demand for money due, founded upon contract.

But a tax is not a debt.   "Taxes are not debts in the ordinary sense of that term, and their collection will in general depend on the remedies which are given by the statute for their enforcement. When no remedy is specially provided, a remedy by suit may fairly be implied, but when one is given which does not embrace an action at law, a tax cannot in general be recovered in a common law action as a debt.   Taxes are not demands against which a set-off is admissible; their assessment does not constitute a technical judgment; nor are they contracts between party and party, either expressed or implied, but they are the particular acts of the government through its various agents, binding upon the inhabitants, and to the making and enforcement of which their personal consent individually is not required."   *Cooley on Taxation,* 15 and 16.

In the *City of Camden* v. *Allen,* 2 Dutcher, 398, the Supreme Court of New Jersey say, "a tax, in its essential characteristics, is not a debt, or in the nature of a debt.   A tax is an impost levied by authority of government upon its citizens or subjects, for the support of the State.   It is not founded upon contract or agreement, it operates *in invitum.*"   To the same effect is *Shaw* v. *Pickett,* 26 Vermont, 486.

If then, a tax is not a debt or obligation to pay money founded upon a contract, it cannot be liable under any circumstances to a set-off.   In the case of *City of Camden* v. *Allen, supra,* the court

said, "Debt is the subject-matter of set-off, and is liable to set-off; a tax is neither.    To hold that a tax is liable to set-off would be utterly subversive of the power of government and destructive of the very end of taxation."    S. P. Cooley on Taxation, supra; Finnegan v. City of Fernandina, 15 Florida, 379.

In Battle, Treasurer, v. Thompson, 65 N. C., 406, it was held by the court that a defendant cannot offer as a set-off or counter-claim against the State, the indebtedness of the State to him arising out of coupons of the State which are overdue, and which the State legally owes; and the decision was put upon the ground that a State cannot be sued by its citizens.    But a municipal corporation, as a city or county, may be sued, and in the case of Cobb v. The Corporation of Elizabeth City, 75 N. C., 1, it was held that "debts owing by the town corporation, in whatever form they may be evidenced, cannot be set off against a demand for town taxes, unless there be a special contract to that effect."

The authorities above cited, lead us to the conclusion that the plaintiff is not entitled at law to.the relief he seeks by this action, and the question then arises whether he is entitled to the relief he seeks through the aid of the equitable jurisdiction of the court.

We know of no head of equitable jurisdiction under which this case can be brought.    The power to levy taxes is a function of government, and is incident to any government, whether State or municipal, essential to its very existence.    Without it no government could exist, and to be deprived of it, every government must fall to pieces.    Governments are formed to promote the public good, and taxation in some form or other is indispensable to the attainment of that end.

To accord to the courts of chancery the power to interfere with taxation by interposing to set off the indebtedness of the government against the taxes, might greatly embarrass the operation of its machinery, if not clog its very wheels.    The courts of chancery are therefore not clothed with any such power.

In the case of Finnegan v. the city of Fernandina, supra, the Court say, " to enjoin the collection of municipal taxes due upon

property owned by individuals to the extent that there is a debt from the city to such individual, is the exercise of the power of appropriation and interference with public trusts, and the exercise of delegated sovereign power, which has not received the sanction of any court." * * * "If the tax is due, the party should pay it. A court of equity will not aid him in resisting the just and legal demand of the government. It will not step in for such reasons and protect a party in not paying a tax which he admits is due. This is a familiar principle obtaining in all the States."

In *Rees* v. *The city of Waltham*, 19 Wallace, 107, and *Ibid.*, 658, it is held that the failure of the ordinary legal remedy, because it has not been used at law with sufficient success by the plaintiff to secure his debt, does not therefore confer upon the court of chancery any jurisdiction. To same effect is *Burroughs on Taxation*, 456.

There is no error. Judgment of the Superior Court of Carteret county must be affirmed.

No error.                         Affirmed.