## COMMISSIONERS v. HALL ET AL.

(Filed 21 May, 1919.)

**1. Taxation—Sheriffs—Set-off—Counterclaim.**

The obligation of the sheriff to settle for the county taxes collected by him in accordance with "the list of taxables" furnished him, or of the taxpayer, does not rest upon contract or consent, and is not a debt in the ordinary sense but a charge imposed by the Legislature or under its authority for the collection of monies for immediate public purposes, permitting no offset or counterclaim by the sheriff claiming over-payment in his settlement for previous years, in an action to recover the amount due by him in accordance with the list furnished him for the current year.

**2. Same—Statutes.**

The State Auditor is permitted under our statutes, Rev., secs. 5246, 5261, to make deduction of over-payment in the settlement for taxes collected when there is error in the "clerk's abstract of taxables," and the sheriff is "charged with more than the true amount," etc., and though the same deductions and corrections are permitted the county in making settlement under Revisal, sec. 1376, these statutes are inapplicable when the credits claimed are not from either of these causes; and to allow them otherwise would be to permit an offset or counterclaim, which is not permissible.

APPEAL by defendant from *Finley, J.,* at the March Term, 1919, of YANCEY.

This is an action against the sheriff of Yancey County and the sureties on his bond to recover $10,578.30 alleged to be due on the taxes for 1916, and also to recover the penalties provided for by statutes for the nonpayment of said amount.

The defendants admitted that said amount was due upon the taxes of 1916, but pleaded that nothing was due the county on account of the defendant sheriff having paid more than was due on the taxes for the years 1913, 1914, and 1915.

His Honor rendered judgment for the amount due on the taxes of 1916 and for the penalties as demanded in the complaint, and the defendants excepted and appealed.

*Hudgins, Watson & Watson attorneys for plaintiff.*

*Pless & Winborne and Merrimon, Adams & Johnston and Charles Hutchins attorneys for defendants.*

ALLEN, J.  The judgment from which the defendants have appealed was rendered upon the pleadings, and we must therefore accept the allegations of the answer by way of defense as true, and when so considered it appears that the defendant Hall collected the taxes of Yancey County as sheriff for the years 1913, 1914, 1915, and 1916; that he is indebted to the county for the taxes of 1916 in the sum of $10,578.30, and that by reason of mutual mistakes in settlements for former years, to wit, in 1913, $8,828.16, in 1914, $460.80; in 1915, $2,550.78, making a total of $11,839.74, he has a claim against the county amounting to more than is due on the taxes for the year 1916.

This presents a hard case, and particularly as to the penalties recovered against the sheriff and his securities, approximating $5,000, and we would afford relief if not restrained by well-settled legal principles.

The question was considered and the authorities cited in *Graded School v. McDowell,* 157 N. C., 317, in which the sheriff of Burke, admitting a balance to be due on the taxes for 1905 and 1906, asked to be credited with certain commissions on the collection of taxes for 1903 and 1904, which had not been allowed in his settlements.  The court refused to permit any deduction from the taxes of 1905 and 1906 and said, "As against the balance due by the defendant as sheriff for taxes in his hands collected for the years 1905 and 1906, no counterclaim or debt of any kind, however, valid, can be sustained.  This has been so fully discussed that it is only necessary to cite a few of the cases: *Wilmington v. Bryan,* 141 N. C., 679; *Guilford v. Georgia Co.,* 112 N. C., 37; *Gatling v. Comrs.,* 92 N. C., 536; *Cobb v. Elizabeth City,* 75 N. C., 1; *Battle v. Thompson,* 65 N. C., 406.  In *Wilmington v. Bryan,* 141 N. C., 675, *Brown, J.,* says: 'No counterclaim is valid against a demand for taxes,' citing *Gatling v. Comrs., supra.*  In same case, *Walker, J.,* in his dissenting opinion (as to other points) concurs as to this proposition, and says: 'Neither a taxpayer nor a sheriff can plead a set-off in a suit against him for taxes due and owing.  .  .  .  .  This is so upon the ground of public policy.  To permit a taxpayer or an officer charged with the collection of taxes to set up an opposing claim against the State or the city might seriously embarrass the Government in its financial operations by delaying the collection of taxes to pay current expenses,' citing the cases above quoted."

The obligation to pay taxes does not rest upon contract or upon the consent of taxpayers, and is not a debt in the ordinary sense of the word.  Taxes are charges imposed by the General Assembly or under its authority for public purposes, and upon grounds of public policy; pleas of set-off and counterclaim are not allowed in behalf of the taxpayer or the officer because to do so would delay the collection and payment of taxes, and would deprive the Government of the means of performing its functions.

"To hold that a tax is liable to set-off would be utterly subversive of the power of government and destructive of the very end of taxation." Cooley on Taxation, quoted in *Gatling v. Comrs.,* 92 N. C., 540.

The statutes upon which the defendants rely (Rev., secs. 5246 and 5261) have no application to the facts in this record. The first permits a deduction by the State Auditor from the tax lists of "all overpayments in former settlements," and the second a correction by the same officer of any error "in consequence of any error in the abstract of the taxes sent to the auditor or otherwise," and while we think the same deductions and corrections may be made in settlements by the county, under section 1376 of the Revisal, which provides that settlements by .the sheriff with the county treasurer shall be under the same rules and regulations as with the Auditor, the deductions under section 5246 are confined to overpayments arising "by reason of any error in the clerk's abstract of taxables," and the errors under section 5261 to those causing the sheriff to be "charged with more than the true amount with which he should be chargeable," and the credits which the defendants claim are not from either of these causes, but because, being charged with correct amounts, he paid more than was due, bringing the matter in defense within the principle of set-off.

The reason for thus limiting the operation of the statutes is that errors in the tax lists and in the records showing the amounts with which the sheriff should be chargeable can be easily ascertained by calculation and would not involve delay, while to go further would break down the principle that pleas of set-off and counterclaim cannot be allowed as against a claim for the payment of taxes, and we do not feel at liberty to extend the statutes beyond their declared purpose.

In the present case, although for the purpose of this appeal we must accept the allegations of the answer as true, the plaintiff denies that any error has been committed or that the defendant sheriff has paid more than was justly due for the years 1913, 1914, and 1915, and specially pleads full settlements made for those years, in one instance, for the year of 1913, showing that after having given a county warrant to the defendant for $4,005.76 when it was afterwards discovered that a mistake of $3,000 had been made in favor of the defendant sheriff, and by agreement of the parties this mistake was corrected and all matters fully compromised and settled between the plaintiffs and. the defendants for that year.

If, therefore, we should sustain the position of the defendants it would be necessary for the allegations of mistake made by the defendants to be tried and investigated and all of the evils which the law has undertaken to prevent, arising from withholding the ordinary revenues of the county, would be present.

We have given the matter careful consideration and have concluded that the judgment must be
Affirmed.

CLARK, C. J., concurs in the opinion of the Court in all respects and in the reasons therein given. However, there are three additional grounds which it may be well to mention:

"Recoupment" and "set-off" were unknown at common law and were created only by statute. 34 Cyc., 625; *Boyett v. Vaughan,* 85 N. C., 363. "Counterclaim is broader and embraces as a general rule both recoupment and set-off, although broader than either," 34 Cyc., 630, and was unknown in this State until the Code of Civil Procedure, *Valentine v. Holloman,* 63 N. C., 475; *Gaither v. Gibson, ibid.,* 93, and cases cited to the above in Anno. Ed. and cases cited Clark's Code (3 Ed.), sec. 244.

Revisal, 481, specifies that the counterclaim must be either (1) "A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action, or (2) in an action arising on contract, any other cause of action arising also on contract and existing at the commencement of the action."

The plaintiff's cause of action does not arise on contract but is based upon the duty of the defendant sheriff to collect (Rev., 2867) and account to the plaintiffs for the county's moneys which he has collected as its agent and should have in hand (Rev., 298). Therefore:

1. The defendant cannot counterclaim and set-off against the plaintiff's demand that he should turn over to the county the money of the county which he has in his hands any indebtedness he claims against the county. There is no mutual indebtedness by reason of any alleged indebtedness to the sheriff by reason of error in settlement of his accounts of a previous year. For that the sheriff would have his action of debt against the county, but he cannot give himself a lien or priority by withholding the public money in his hands.

2. If this counterclaim could be set up by the defendant sheriff against the county on the ground that his obligation is merely a debt which he owes to the county, it would necessarily follow that he could not be indicted for embezzlement (Rev., 3408, 5195), for an indictment does not lie for the nonpayment of a "debt."

3. If the sheriff could counterclaim against the county it can only be because the county's claim is merely a debt and therefore he could in such case set off "any other cause of arising also on contract, and existing at the commencement of the action." This would enable any sheriff to buy up any indebtedness against the county, notwithstanding Rev., 3575 (if bought at par), and would put it in his hands to pay off such

indebtedness of the county as he thought fit out of the funds in his hands, leaving the current expenses of the county unpaid. For this reason there is a penalty on the sheriff of $1,000 and 10 per cent by summary judgment prescribed by Rev., 5248.

These considerations are embraced in some of the decisions cited in the opinion of the Court. It would be entirely destructive of the responsibility of the sheriff for the funds collected by him if he could thus counterclaim against the county. It is of the highest importance that the money which the sheriff receives on behalf of the county shall be promptly paid over without any delay. For this reason the money which he collects for taxes is not a mere debt due by him to the county, but it is the county's own funds for which he is made indictable for embezzlement for nonpayment to the county. He is made chargeable with the entire tax list when it is placed in his hands, and he is only excused from payment of any part thereof upon allowance by the county commissioners for "insolvents." He is also required to give bond for the faithful performance of his duty in collecting the taxes, and to pay over the taxes as fast as they are collected and never to retain more than $500 of the tax money at any time in his possession. Rev., 298 and 308.