State v. Locklear

STATE OF NORTH CAROLINA v. MILDRED LOCKLEAR

No. 7412SC176

(Filed 6 March 1974)

1. **Taxation § 37; Constitutional Law § 21— taxes as distinguished from debts — imprisonment for nonpayment of taxes**

   Since taxation is a means employed by the government to raise revenue for its support, and taxes which are imposed are not, therefore, contractual obligations of the taxpayer to the state, taxes do not constitute a debt within the meaning of the Constitutional prohibition against imprisonment for debt. N. C. Constitution Art. I, § 28.

2. **Taxation § 37; Indictment and Warrant § 7— wilful failure to pay tax — sufficiency of warrant**

   In a prosecution charging defendant with wilful failure to pay a tax assessed upon her as the operator of retail sales businesses, warrants which identified defendant as the person accused, alleged that a tax was assessed against her in accordance with the provisions of G.S. 105-241.1, and alleged that defendant wilfully refused to pay the tax were proper in form, alleged the violation of a valid criminal statute, and should not have been quashed.

APPEAL by the State from *Canaday, Judge,* 5 September 1973 Session of Superior Court held in CUMBERLAND County.

Defendant was convicted in the District Court of Cumberland County upon two warrants each charging the violation of G.S. 105-236(9) by wilfully failing to pay to the Department of Revenue of North Carolina a tax assessed upon her as the operator of retail sales businesses known as "Ye Old Tavern" and "Margie's Bar" during the time period July 1, 1969 to December 31, 1970, pursuant to the provisions of G.S. 105-241.1.

From judgments imposed she appealed to the superior court.

After entry of not guilty pleas in the superior court, defendant moved to quash the warrants. The court granted her motion and quashed the warrants. The State has appealed to this Court.

*Attorney General Morgan, by Assistant Attorney General George W. Boylan, for the State.*

*No brief filed by defendant appellee.*

BALEY, Judge.

The warrants upon which defendant was convicted in the district court are identical except for the names of the business and the amount of the tax. One of the warrants reads as follows:

"The undersigned, T. M. Bolton, being duly sworn, complains and says that at and in the County named above and on or about the 23rd day of March, 1971, the defendant named above did unlawfully, and wilfully Fail to pay to the Department of Revenue of the State of North Carolina the tax assessment of $2,017.84 levied upon her for her business 'Ye Old Tavern,' by the Commissioner of Revenue as provided by N.C.G.S. 105-241.1. She, the said Mildred Locklear, being a person required by Subchapter I of Chapter 105 to pay the tax assessment of $2,017.84 in that she was the operator of a retail sales business 'Ye Old Tavern' for the time period July 1, 1969 to Dec. 31, 1970 and that she was assessed said tax in compliance with the provisions of N.C.G.S. 105-241.1 and wilfully and unlawfully failed to pay said tax on March 23, 1971 as required by N.C.G.S. 105-241.1.

"The offense charged here was committed against the peace and dignity of the State and in violation of law Defendant is charged under penalty provisions 105-236.9 for failure to pay an assessment provided for by N.G.S. 105-241.1.

s/ T. M. BOLTON<br>Complainant"

Under G.S. 105-241.1 the Secretary of Revenue, upon compliance with the procedures set out therein, may determine that a taxpayer has not paid a sufficient amount of tax and may assess such taxpayer for the amount unpaid. The taxpayer may contest the assessment in a hearing before the Secretary, but if the Secretary reaffirms his decision after the hearing, or if the taxpayer does not request a hearing then G.S. 105-241.1(d) provides that the assessment "shall be immediately due and collectible" in the same way as any other tax.

G.S. 105-236(9) provides:

"Any person required under this Subchapter to pay any tax . . . who wilfully fails to pay such tax . . . shall, in addition to other penalties provided by law, be guilty of a misdemeanor and shall be punished by a fine not to exceed two hundred dollars ($200.00), or by imprisonment not to exceed 30 days, or by both such fine and imprisonment."

[1]  Ordinarily, mere nonpayment of taxes is not a criminal offense. *Henry v. Wall,* 217 N.C. 365, 8 S.E. 2d 223. But in the enactment of G.S. 105-236(9), the General Assembly has determined that any person required by the State Revenue Act to pay any tax who *wilfully* fails to pay such tax shall be guilty of a misdemeanor. The legislature had full authority to make this decision. It is a valid exercise of legislative power. Art. I, Sec. 28, of the North Carolina Constitution, which prohibits imprisonment for debt, is only applicable to actions arising out of or founded upon contract. *Ledford v. Smith,* 212 N.C. 447, 193 S.E. 722; *Long v. McLean,* 88 N.C. 3. Taxation is a means employed by the government to raise revenue for its support. Taxes which are imposed are not, therefore, contractual obligations of the taxpayer to the state. They do not constitute a debt within the meaning of the Constitution.

Statutes similar to G.S. 105-236(9) making wilful failure to pay taxes a criminal offense have been approved in other

jurisdictions as not violative of a constitutional provision against imprisonment for debt. *City of Cincinnati v. De Golyer,* 25 Ohio St. 2d 101, 267 N.E. 2d 282 (1971); *People v. Neal C. Oester, Inc.,* 154 Cal. App. 2d Supp. 888, 316 P. 2d 784 (Super. Ct. 1957); Annot., 48 A.L.R. 3d 1324 (1973). *See also* 26 U.S.C. § 7203 (1970) for statute similar to G.S. 105-236(9) creating federal offense.

[2]  The warrants in this case are not defective in form. A warrant is sufficient if it identifies the defendant and "express[es] the charge against the defendant in a plain, intelligible and explicit manner." G.S. 15-153; *State v. Sparrow,* 276 N.C. 499, 173 S.E. 2d 897, *cert. denied,* 403 U.S. 940; *State v. Anderson,* 259 N.C. 499, 130 S.E. 2d 857; *State v. Hammonds,* 241 N.C. 226, 85 S.E. 2d 133. Here the warrants identify Mildred Locklear as the person accused. They allege that a tax was assessed against her in accordance with the provisions of G.S. 105-241.1, and that she wilfully refused to pay the tax. Clearly, therefore, they satisfy the requirements of G.S. 15-153.

Since the warrants are proper in form and allege the violation of a valid criminal statute, they should not have been quashed. The judgment of the Superior Court is reversed.

Reversed.

Judges CAMPBELL and HEDRICK concur.