STATE OF NORTH CAROLINA v. MICHAEL DAVID BONNER

No. 875SC1165

(Filed 20 September 1988)

**Embezzlement § 6— director of continuing education at technical school—no state funds held in trust—charge of embezzlement improper**

The trial court should have dismissed embezzlement charges under N.C.G.S. § 14-91 for lack of evidence that defendant ever held any state funds in trust as required under that statute, where the evidence tended to show that defendant, as director of continuing education for a technical school, executed contracts with twenty-eight "bogus" instructors to teach nonexistent adult education classes to fictional students, and the bogus instructors then allegedly turned over to defendant a portion of their pay from the technical school; the power entrusted to defendant to hire instructors did not constitute the necessary power to possess or maintain control of the state funds which the school eventually paid those instructors; and defendant's alleged scheme thus did not misapply state funds he already possessed or could otherwise control but instead deceived those with such control into paying those funds to his co-participants in the scheme.

APPEAL by defendant from *Tillery (Bradford), Judge.* Judgment entered 27 May 1987 in Superior Court, PENDER County. Heard in the Court of Appeals 12 April 1988.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General John F. Maddrey, for the State.*

*Erdman, Boggs & Harkins, by Harry H. Harkins Jr., and Trawick, Pollock & Nunallee, by Gary E. Trawick, for defendant-appellant.*

GREENE, Judge.

Defendant was convicted on thirty-six counts of embezzlement by a state employee under N.C.G.S. Sec. 14-91 (1984) which provides that "if any . . . person . . . *having or holding in trust . . . property and effects of the [State]* . . . shall embezzle or knowingly and willfully misapply or convert the same to his own use, or otherwise willfully or corruptly abuse such trust, such offender . . . shall be punished as a Class F felon." (Emphasis added.) The State's evidence tended to show defendant was the Director of Continuing Education for Cape Fear Technical Institute ("CFTI") between 1980 and 1986. Pursuant to that position, defendant had the authority (subject to his superiors' approval) to hire instructors for CFTI. The State sought to prove that defendant executed contracts with twenty-eight "bogus" instructors to teach nonexistent adult education classes to fictional students. The bogus instructors then allegedly turned over to defendant a portion of their pay from CFTI. While defendant's employment also required him to collect and turn over certain student fees to CFTI, there was no evidence that defendant ever misdirected any of those fees.

Defendant moved to dismiss the charges for failure to establish defendant held any state funds in trust as required under Section 14-91. The trial court denied the motion and subsequently instructed the jury over defendant's objection that they could find defendant received state funds in trust if they found that he: 1) "was authorized to hire and direct payment to certain instructors up to the limit of the budget established for that purpose"; and 2) "that on the date in question [he] had available to him state funds within his teacher hiring budget sufficient to pay a newly hired continuing education instructor." Defendant appeals his conviction and assigns error to, among other things, the trial court's failure to grant his motion to dismiss the embezzlement charges under Section 14-91.

The dispositive issue presented is whether the trial court should have dismissed the embezzlement charges under Section 14-91 for lack of evidence that defendant ever held any state funds in trust as required under that statute. Although there are relatively few decisions applying this particular embezzlement

statute, the requirement that defendant misapply funds which he "holds in trust" expresses the requirement distinctive to embezzlement that the defendant "received the property he embezzled in the course of his employment and by virtue of his fiduciary relationship with his principal." *State v. Kornegay*, 313 N.C. 1, 22, 326 S.E. 2d 881, 897 (1985); *cf.* Black's Law Dictionary at 658 (5th ed. 1979) (relevant definitions of "hold" all connote possession). Although defendant's possession of the entrusted property may be actual or constructive, even constructive possession of property requires "an intent and *capability to maintain control and dominion*" over it. *State v. Jackson*, 57 N.C. App. 71, 76, 291 S.E. 2d 190, 194, *disc. rev. denied*, 306 N.C. 389, 294 S.E. 2d 216 (1982) (quoting *State v. Spencer*, 281 N.C. 121, 129, 187 S.E. 2d 779, 784 (1972) (emphasis added) ).

The State's theory at trial as embodied in the court's instructions was that defendant's authority to hire as many instructors as the budget set by CFTI would allow constituted holding state property in trust by virtue of defendant's alleged "control" of funds allocated by the CFTI education budget. Defendant's position as Continuing Director of CFTI may have enabled him to deceive CFTI into paying bogus instructors he hired; however, the State introduced no evidence to suggest defendant's position ever gave him the capability — either personally or in conjunction with others — to "maintain control and dominion" over any state funds at issue.

We note defendant required his superiors' ultimate approval to hire instructors. More important, the power entrusted to defendant to hire instructors did not in any event constitute the necessary power to possess or maintain control of the state funds CFTI eventually paid those instructors. The State's expansive theory of "constructive possession" fails to distinguish between being entrusted with constructive possession of property and gaining the necessary possession by deception: only the former constitutes holding state property in trust necessary for embezzlement under Section 14-91. *Cf.* N.C.G.S. Sec. 14-100 (1986) (setting forth requirements for crime of obtaining property by false pretenses).

As proven by the State, defendant's alleged scheme thus did not misapply state funds he already possessed or could otherwise

control but instead deceived those with such control into paying those funds to his co-participants in the scheme. The cases cited by the State to support defendant's possession are all distinguishable since in each the defendant's employment gave him either actual possession of his principal's property or the capability to maintain control and dominion over it. *E.g., State v. Agnew,* 294 N.C. 382, 385, 241 S.E. 2d 684, 686, *cert. denied,* 439 U.S. 830 (1978) (defendant embezzled funds from state checking account over which she had "sole control" to make advances); *State v. Ward,* 222 N.C. 316, 320, 22 S.E. 2d 922, 923-24 (1942) (state auditor and subordinate misapplied revenues they collected for state); *Jackson,* 57 N.C. App. at 77, 291 S.E. 2d at 194 (defendant took delivery of hospital supplies and then misdirected them).

Embezzlement under Section 14-91 is a statutory offense which is strictly construed. *See State v. Ross,* 272 N.C. 67, 69, 157 S.E. 2d 712, 713 (1967). Even when we consider all the evidence in the light most favorable to the State and grant the State every reasonable inference from that evidence, we conclude the State failed to introduce substantial evidence that defendant misapplied any state funds he held in trust under Section 14-91. We thus hold the trial court erroneously failed to grant defendant's motion to dismiss these embezzlement charges.

Accordingly, we arrest the judgment of the trial court and vacate defendant's convictions under Section 14-91. As we vacate defendant's convictions, we do not address his other assignments of error.

Vacated.

Judges ARNOLD and ORR concur.